## CIRCUIT COURT OF FAIRFAX COUNTY

Robert Jutte-Kraus

v.

Commonwealth of Virginia

April 17, 1995

Case No. (Chancery) 138400

BY JUDGE JANE MARUM ROUSH

This matter came on April 10, 1995, for a hearing on the petition of Robert Jutte-Kraus brought under Code § 19.2-392.2 seeking the expungement of the police and court records related to his 1993 arrest for trespassing. At that time, counsel for the petitioner asked for and was granted leave of court to brief the issues raised by the Commonwealth's Attorney. I have now had the opportunity to consider the brief of the petitioner and the authority relied upon by the Commonwealth. For the reasons stated below, the petition for expungement will be dismissed.

The facts of the case may be briefly summarized. On April 12, 1993, Mr. Jutte-Kraus was arrested for trespassing on the property of his former wife in violation of a protective order which had been issued by the Juvenile and Domestic Relations District Court of Alexandria, Virginia. On June 23, 1993, the petitioner pleaded guilty to the charge in the Juvenile and Domestic Relations District Court of Fairfax County. That Court withheld the finding of guilt, continued the case for nine months, and ordered that the case would be dismissed if the petitioner committed no further violations of the law and remained off of his former wife's property. The petitioner complied with the terms of the June 23, 1993, order, and his case was subsequently dismissed. Mr. Jutte-Kraus now petitions this Court pursuant to Va. Code Ann. § 19.2-392.2 to have the police and court records related to that arrest expunged. But for the misdemeanor trespassing arrest, Mr. Jutte-Kraus has no criminal record.

The Commonwealth opposes the expungement, relying on *Gregg v. Commonwealth*, 227 Va. 504 (1984). In *Gregg*, the Virginia Supreme

Court affirmed the trial court's dismissal of an expungement petition where the petitioner had been given a "first offender" disposition under the predecessor to present Code § 18.2-251 (related to first time drug offenders). The Court held that the dismissal of Gregg's charge under that statute did not render Gregg a person whose charge was "otherwise dismissed" within the meaning of Code § 19.2-392.2(A)(2). Therefore, the records related to the arrest could not be expunged. The *Gregg* court held:

> The expungement statute applies to innocent persons, not to those who are guilty. Under the first offender statute, probation and ultimate dismissal is conditioned on a plea of guilty of a finding of guilt. In the present case, the accused pled guilty. One who is "guilty" cannot occupy the status of "innocent" so as to qualify under the expungement statute as a person whose charge has been "otherwise dismissed."

227 Va. at 507.

*Gregg* is controlling of the resolution of this case. Mr. Jutte-Kraus pleaded guilty to the trespassing charge. Accordingly, as with Gregg, he cannot "occupy the status of the 'innocent' so as to qualify" for expungement.

The petitioner argues that the 1992 amendment to the expungement statute modified the holding of *Gregg*. That amendment provides that if the petitioner's arrest is for a misdemeanor, and the petitioner has no prior criminal record, the Court shall order expungement "in the absence of good cause shown to the contrary." A close reading of § 19.2-392.2 makes clear, however, that the 1992 amendment merely shifts the burden of proof to the Commonwealth to show why the records of a first-time misdemeanor arrest should not be expunged. If the subject arrest is for a felony, or if the petitioner has a prior record, the burden remains with the petitioner to show that the continued existence and possible dissemination of the arrest record constitutes a "manifest injustice" to the petitioner. The 1992 amendment to § 19.2-392.2 did nothing to alter the statutory requirement that, no matter what the charge or the status of the petitioner's prior record, the petitioner must have been acquitted, or a nolle prosequi taken, or the charge must have been "otherwise dismissed" in order to be eligible for expungement.

In this case, Mr. Jutte-Kraus was not acquitted of the trespassing charge, nor was that charge nolle prossed or "otherwise dismissed" under the

holding of *Gregg v. Commonwealth*. Therefore, the records of that arrest may not be expunged under Code § 19.2-392.2.

For the foregoing reasons, the petition will be dismissed.