## CIRCUIT COURT OF FAIRFAX COUNTY

Kathleen C. Galdo

v.

Commonwealth of Virginia

August 5, 1997

Case No. (Chancery) 150023

BY JUDGE DENNIS J. SMITH

The facts in this case are undisputed. The Petitioner, Kathleen C. Galdo, was arrested on June 13, 1994, for trespassing, as she was in a public park after permissible hours. Ms. Galdo was 18 years and 3 months old when this occurred. She appeared in Fairfax General District Court on July 3, 1996, and pleaded guilty, whereupon, pursuant to § 19.2-303.2, Judge Kimble deferred entry of a finding of guilt for a period of six months with the charge to be dismissed if there were no further violations of law by Ms. Galdo. On January 3, 1997, the charge was dismissed. On June 11, 1997, she filed the Petition for Expungement which is now before the court. The case was heard on July 23, 1997, at which time the Commonwealth appeared and opposed expungement.

The Court has considered the arguments of both the Petitioner and the Commonwealth. Section 19.2-392.2 provides for expungement of police and court records where a person has been acquitted, pardoned for the commission of a crime for which he has been unjustly convicted, or where a *nolle prosequi* has been taken or the charge has been "otherwise dismissed." There was no acquittal, pardon, or nolle prosequi in this case, therefore the only question is whether a dismissal pursuant to § 19.2-303.2 is "otherwise dismissed" under the expungement statute.

The scope of the "otherwise dismissed" phrase in § 19.2-392.2 was addressed by the Virginia Supreme Court in *Gregg v. Commonwealth*, 227 Va. 504 (1984). In the *Gregg* case, the Petitioner moved for expungement of an arrest record in a case which had been dismissed pursuant to § 18.2-251, which authorizes the court to place first time drug possession offenders on

probation, defer entry of a finding of guilt, and ultimately dismiss the charge upon successful completion of probation conditions. In *Gregg*, Justice Compton analyzed the legislative intent behind the expungement statute and cited § 19.2-392.1 which states that "the chapter is intended to protect innocent persons." He went on to opine that § 18.2-251 is available only when the defendant has pleaded guilty or the court finds the defendant guilty, and in either situation the defendant is not an "innocent person" who comes within the protection of the expungement statute. As in the § 18.2-251 disposition, the deferral and ultimate dismissal of proceedings under § 19.2-303.2 is only available where there is a plea of guilty or if the facts found by the court would justify a finding of guilt. Additionally, it must be noted that in the underlying case Ms. Galdo pleaded guilty in the District Court. Even though this situation may work a hardship on the defendant by having a youthful indiscretion follow her throughout her life, the court's ability to rewrite history by expunging criminal records is derived only through legislative authorization, and in *Gregg* the Virginia Supreme Court clearly held that authority to be limited to instances where the defendant is factually innocent of the original charge. The situation is indistinguishable from the *Gregg* case, and the Petition is therefore denied.