# CIRCUIT COURT OF ARLINGTON COUNTY

Commonwealth of Virginia

v.

Yoseph Tekalign

Case No. CR95-366

Yoseph Tekalign

v.

Commonwealth of Virginia

Case No. (Chancery) 98-395

August 12, 1998

BY JUDGE WILLIAM T. NEWMAN, JR.

This comes before the Court on the Commonwealth's motion to reconsider its July 27, 1998, order in *Yoseph Tekalign v. Commonwealth of Virginia*, in Chancery No. 98-395, expunging Mr. Tekalign's criminal record. While the court was procedurally correct in granting the Motion based upon the Commonwealth's failure to appear, for the reasons stated below, the Court will grant the motion to reconsider and vacate the order of expungement.

On May 25, 1995, in CR95-366, *Commonwealth v. Yoseph Tekalign*, Mr. Tekalign pleaded guilty to one count of felony uttering and, pursuant to a written plea agreement, was given a suspended imposition of sentence for two years, conditioned on his general good behavior and completion of 60 hours of community service. On May 23, 1997, the Court, having found that Mr. Tekalign complied with the conditions of his suspended imposition of sentence, vacated his guilty plea and granted the Commonwealth's motion to nolle pros the charge. On July 8, 1998, Mr. Tekalign filed a Petition for Expungement. The Commonwealth received notice of the July 24, 1998,

expungement hearing but did not appear due to confusion regarding in which courtroom the hearing was being held. After hearing brief argument, the Court granted the expungement. In its motion to reconsider, the Commonwealth argues that because Mr. Tekalign pleaded guilty to this felony charge, according to Virginia law, he is not entitled to expungement.

To summarize the relevant portion of Virginia Code § 19.2-392.2(A), a person charged with a crime may petition the Court for expungement if: (1) he was acquitted; (2) the charge was nolle prossed or otherwise dismissed, or (3) he was granted an absolute pardon. The threshold question for the Court is whether Mr. Tekalign is an "innocent person" entitled to an expungement of his felony conviction. The Virginia Supreme Court has ruled that the statute applies to persons who are innocent, not those who are guilty. *Gregg v. Commonwealth*, 227 Va. 504, 507 (1984). The General Assembly's statement of policy also guides the Court regarding expungements: "arrest records can be a hindrance to an *innocent* citizen's ability to obtain employment, an education and to obtain credit" (emphasis added). Va. Code § 19.2-392.1.

The Court is persuaded that Mr. Tekalign is not an innocent party entitled to expungement of his felony arrest and conviction. The ultimate dismissal of his charge was conditioned on his guilty plea and his performance of community service and general good behavior. In other words, Mr. Tekalign's conviction was dismissed not because he was innocent, but because Mr. Tekalign complied with the conditions of his suspended imposition of sentence. In fact, the sentence imposed by the Court was that which was agreed to by the Commonwealth and Mr. Tekalign's attorney. Moreover, in paragraph 5 of the plea agreement, Mr. Tekalign admits that he committed the crime to which he pleaded guilty. Because Mr. Tekalign admitted his guilt and the Court found him guilty when it sentenced him, he is not an innocent party as contemplated by the expungement statute and the case law. Therefore, the Commonwealth's motion to reconsider is granted, and the Court's July 27, 1998, order of expungement is vacated.