## CIRCUIT COURT OF THE CITY OF NORFOLK

Celestine Sanderlin

v.

Commonwealth of Virginia

March 19, 2002

Case No. (Chancery) CH01-2043

BY JUDGE MARC JACOBSON

Celestine Sanderlin, Petitioner, filed a Petition for Expungement pursuant to Virginia Code § 19.2-392.2, seeking expungement of three misdemeanor convictions. The first two convictions were on April 14, 1972, for concealment of merchandise and possession of stolen property, and the third conviction was on October 24, 1978, for brandishing a firearm. In her Petition, Petitioner claims that "the continued existence and possible dissemination of information relating to [her] arrest . . . caused or may cause circumstances which constitute a manifest injustice." In its Answer, the Commonwealth of Virginia states that "pursuant to § 19.2-392.2 of the Code of Virginia (1950), as amended, the petitioner was found guilty of the referenced charges and therefore does not qualify for an expungement. The petitioner's proper remedy is to seek a pardon from the Governor of Virginia."

Virginia Code § 19.2-392.2 sets forth the criteria for expungement of criminal records. Petitioner's attorney argues that subsection F is particularly relevant. Subsection F reads as follows:

[i]f the court finds that the continued existence and possible dissemination of information relating to the arrest of the petitioner causes or may cause circumstances which constitute a manifest injustice to the petitioner, it shall enter an order requiring the expungement of the police and court records relating to the charge. Otherwise, it shall deny the petition. However, if the petitioner has no

prior criminal record and the arrest was for a misdemeanor violation, the petitioner shall be entitled, in the absence of good cause shown to the contrary by the Commonwealth, to expungement of the police and court records relating to the charge, and the court shall enter an order of expungement.

It is the contention of Petitioner's attorney that the above quoted language gives this Court the discretion to expunge a record of multiple misdemeanor convictions if good cause is shown.

In order to place in proper context the policy dealing with expungement of criminal records as contemplated by Virginia Code § 19.2-392.2 and the Petition filed by Petitioner and argument of counsel, the statement of policy leading to the application of the expungement of criminal convictions must first be considered. The statement of policy reads as follows:

The General Assembly finds that *arrest records* can be a hindrance to an *innocent* citizen's ability to obtain employment, an education and to obtain credit. It further finds that the police and court records of those of its citizens who have been *absolutely pardoned for crimes for which they have been unjustly convicted* can also be a hindrance. This chapter is intended to protect such persons from the unwarranted damage which may occur as a result of being arrested and convicted.

Va. Code Ann. § 19.2-392.1 (Michie 2000) (emphasis added).

In the instant case, Petitioner was not found innocent of the offenses for which she now seeks expungement nor was she acquitted or subsequently pardoned. In fact, Petitioner pleaded guilty to each of the charges or offenses. The instant case is similar to that of *Gregg v. Commonwealth*, 227 Va. 504, 316 S.E.2d 741 (1984). In *Gregg*, the defendant was arrested and charged with possession of marijuana, a charge to which he pleaded guilty. The charge was subsequently dismissed under the first offender statute, and the defendant filed a petition to expunge his police and court records pursuant to § 19.2-392.2. The Virginia Supreme Court affirmed the trial court's ruling that the charge was not proper for expungement, finding that "one who is 'guilty' cannot occupy the status of 'innocent' so as to qualify under the expungement statute as a person whose charge has been 'otherwise dismissed'." *Id.*, 227 Va. at 507, 316 S.E.2d at 743.

Other Virginia circuit courts have discussed and/or analyzed § 19.2-392.2 and *Gregg* in considering or determining whether to expunge charges from a

petitioner's record.[1] In *Commonwealth v. Tekalign*, 46 Va. Cir. 292 (Arlington 1998), the defendant pleaded guilty to one count of uttering, a felony. After finding that the defendant complied with the conditions of his suspended sentence, the court subsequently vacated his guilty plea and nolle prossed the charge. The defendant then filed a petition for expungement, which was originally sustained but subsequently reconsidered by the trial court. Citing *Gregg*, the court found that the defendant was "not an innocent person entitled to expungement of his felony arrest and conviction. The ultimate dismissal of his charge was conditioned on his guilty plea and his performance of community service and general good behavior." *Id*. at 293. The defendant's conviction was not dismissed because he was innocent; therefore, the order of expungement was vacated. *Id*.

Expungement has also been denied in cases involving the subsequent dismissal of misdemeanor charges following guilty pleas. In *Galdo v. Commonwealth*, 43 Va. Cir. 213 (Fairfax 1997), the defendant pleaded guilty to trespassing in a public park after permissible hours. The court deferred entry of a finding of guilt for six months, with the charge to be dismissed if there were no further violations. The charge was dismissed, and the defendant filed a petition for expungement. The court denied the petition, finding that "the defendant [was] not an 'innocent person' who [came] within the protection of the expungement statute." *Id*. at 214. Citing *Gregg*, the court stated that "the Virginia Supreme Court clearly held that [the court's ability to expunge criminal records] be limited to instances where the defendant is *factually innocent* of the original charge." *Id*. (emphasis added).

In *Jutte-Kraus v. Commonwealth*, 36 Va. Cir. 224 (Fairfax 1995), a case factually similar to *Galdo*, the court found that *Gregg* was the controlling case. The court reasoned that "[the defendant] pleaded guilty to the trespassing charge. Accordingly, as with Gregg, he cannot 'occupy the status of the "innocent" so as to qualify' for expungement." *Jutte-Kraus*, 36 Va. Cir. at 225.

The situations in the instant case are similar to those in the above-cited cases in that the Petitioner, as to all the charges for which she now seeks expungement, was not acquitted, nor were the charges nolle prossed, nor were the charges otherwise dismissed. The Court is sympathetic to the fact that Petitioner has led a productive, crime-free life since the offenses and convictions which she now seeks to have expunged, and the Court is mindful of the fact that such convictions may possibly have an impact upon her ability

---

[1] Although such opinions are not binding on this Court, the rationale and contents of such cases may be considered for their persuasiveness.

to obtain employment (although it appears that the Petitioner has not had a problem in obtaining employment in the fairly recent past); however, the Court's authority and ability to expunge criminal records is derived only through legislative authorization.

In the instant matter, Petitioner did plead guilty to and was found guilty of the three misdemeanor charges that she now seeks to have expunged from her record. None of the three criminal convictions that Petitioner seeks to have expunged was dismissed, and Petitioner is not innocent of any of these charges. Section 19.2-392.2 does not permit this Court to cause the criminal convictions that Petitioner seeks to have expunged from her record to be expunged and, accordingly, Petitioner's request for expungement of her three misdemeanor convictions is denied.