## CIRCUIT COURT OF ROCKINGHAM COUNTY

In re Petition of Wilmoth

February 13, 1986

By JUDGE ROBERT K. WOLTZ

Petitioner seeks expungement under Sections 19.2-392.1 and 19.2-392.2 of police and court records generated by charges against her for perjury. The Commonwealth contests. On the Court's motion, the record in that case, *Commonwealth v. Jackson*, Circuit Court of Rockingham County, Cr. No. 7652, is made a part of the record of this case as an exhibit.

The petitioner, who was Judith C. Jackson at the time, was arrested and charged in December, 1981, with the commission of perjury in February, 1981. At preliminary hearing involving suppression of her statement or confession, the matter was not certified to the grand jury. Later on direct indictment proceedings, the grand jury returned a true bill for perjury. Full hearing was had on her motion to suppress the statement given to a law officer admitting the perjury. After extended consideration, the Court by lengthy opinion upheld the motion to suppress.

On the ground that the Commonwealth did not have sufficient evidence without the defendant's statement, motion for nolle prosequi was made and granted over objection of the defendant, now petitioner. Her petition asserts that this instance was the only time she has been the subject of any criminal charges and has never appeared in a juvenile court; that she is now married and a senior in college with expectations of receiving certification as a public school teacher; that in applying for teaching positions, she will be required to give permission to prospective employers for criminal record checks, which records exist with police authorities of this locality and at centralized state and federal criminal records repositories; and that dissemination of information result-

ing from any such record checks would subject her to difficulties in seeking employment with prospective employers. Evidence on the petition was heard *ore tenus*.

Section 19.2-392.1 provides as follows:

> The General Assembly finds that arrest records can be a hindrance to an innocent citizen's ability to obtain employment, an education and to obtain credit. It further finds that the police and court records of those of its citizens who have been absolutely pardoned for crimes for which they have been unjustly convicted can also be a hindrance. This chapter is intended to protect such persons from the unwarranted damage which may occur as a result of being arrested and convicted.

This section sets out the policy of the Commonwealth with respect to the expungement petitioned for and is essential to the consideration of Section 19.2-392.2. *Gregg v. Commonwealth*, 227 Va. 504 (1984). In that case, one who had been charged with and pled guilty to possession of a controlled substance was placed on probation as a first offender pursuant to Section 54-524.101:3, successfully completed his probation, as a result of which he was discharged and the proceedings against him dismissed without actual adjudication of guilt.

The plaintiff there maintained that as the charge against him was dismissed, he came under the terms of Section 19.2-392.2, that he was legally innocent as contemplated by the expungement statutes because of dismissal of the charge against him. In that case, the Supreme Court held the statute applied to "innocent persons, not to those who are guilty," and that one who had under the circumstances pled guilty did not have the status of innocent for the purpose of meeting the requirements of the expungement statute, viz., in cases of a charge which is in the terms of the statute "otherwise dismissed." This is the only case decided on the subject at issue and is generally elucidating, but the facts are far different from those in the present case.

"Guilty" and "innocent" may be relatively simple terms to understand where one has been through a full

trial resulting in final judgment of guilty or innocence. But there is a *tertium quid* which exists here: the defendant's guilt or innocence has never been determined by any judgment.

The Court accepts as it must that one charged with a crime is innocent until proven guilty. It also accepts that evidence, however damaging to a defendant, can be inadmissible in prosecutions because of certain evidentiary rules or constitutional principles or both which are designed respectively for the integrity of the truth-finding process and the protection of individual rights.

The evidence suppressed in the petitioner's criminal case was a rather straightforward, brief, signed confession that she had not been assaulted by one McCray. As prosecuting witness in McCray's trial, however, she had testified to the contrary, and he was found guilty by verdict and suffered judgment and sentence. A co-defendant was acquitted in a separate trial.

The confession given by the petitioner came about in this wise: She later made allegations of a subsequent assault and battery without identification of assailants. The officer who investigated both instances became concerned, as did the Assistant Commonwealth's Attorney who had prosecuted, that McCray, whose appeal had recently been denied, might be innocent. Using the parents as go-betweens and assuring them that anything she revealed would not be used against her thereafter, he met with her and obtained the confession. The officer's motive was not prosecution but possibly clearing an innocent person of his conviction. The prosecution was at the instance of the Commonwealth's Attorney.

As appears from the Court's opinion resulting from the suppression hearing, the confession was to be suppressed not on so-called *Miranda* grounds or other constitutional grounds, but on common law principles. This resulted from the inducement of promising her through the medium of her parents that she would not be prosecuted.

The confession was not obtained through the use of physical tortures or by threats of dire consequences to the petitioner or those dear to her, nor did it appear that it was obtained by o'erweening psychological or other pressures or by promise of monetary or like material reward. It was obtained solely on the promise of non-

prosecution, which of course can be a powerful inducement and is sufficient to raise enough question about its reliability so as to exclude it from submission to the trier of fact in a criminal trial dealing with the profound issue of guilt or innocence.

The present proceeding, however, is civil in nature and somewhat different standards apply. The expungement statute, worthy and beneficent in purpose, provides for filing of expungement petition where one "1. Is acquitted, or 2. A nolle prosequi is taken or the charge is otherwise dismissed, or 3. Is granted an absolute pardon for the commission of a crime for which he has been unjustly convicted . . ."

It is notable that in any one of the three instances, it is not mandatory on the Court to enter an order of expungement. After the mandated hearing on the petition, the statute provides:

> If the Court finds that the continued existence and possible dissemination of information relating to the arrest of the petitioner causes or may cause circumstances which constitute *a manifest injustice* to the petitioner, it shall enter an order requiring the expungement of the police and court records relating to the charge. Otherwise, it shall deny the petition. (Emphasis added.)

Therefore, a Court could, without an abuse of discretion, deny expungement to one who had in fact been by judgment duly found not guilty. An acquitted person, for example, could be considered guilty based on a civil standard of proof. Nolle prosequis can occur for a variety of reasons relating to evidence which the prosecution has available. Sometimes considering all evidence that is fully admissible, the Commonwealth seeks discontinuance of prosecution because her evidence is too weak. Other times in situations such as suppressions of evidence, the Commonwealth must, as it did in this instance, move for discontinuance for lack of admissible evidence. The two situations can lead to different opinions as to a defendant's guilt or innocence.

The petitioner's written confession or admission suppressed in the perjury case against her was readily admitted in the civil proceeding of McCray for habeas corpus relief, as appears from a transcript in the present hearing marked as Respondent's Exhibit 1.

The Court cannot be so presumptuous as to say that the petitioner was guilty of the perjury charge; nor can it say beyond peradventure she is innocent. It can only say in her criminal case that no determination either way was definitively mae. The statute seems to the Court to mean more than an ambivalence between guilt and innocence. Some showing of a likely innocence in fact of the petitioner is needed. The statute seems to mean that one who under the circumstances is in fact definitely or likely innocent, but who unfortunately became entangled in the criminal process in this less-than-perfect world, should be afforded relief from circumstances "which constitute a manifest injustice." On this basis, the Court is not satisfied as to such an injustice.

The Court is also highly sensitive to the efforts, difficulties, and pitfalls of young people about to leave formal education in seeking employment. Yet the integrity of public records of judicial proceedings must be respected. They and the "fallout" from them should not be lightly erased. The statute, while liberal and benevolent in intent, is an invasion of that integrity and not permissible except in cases of manifest injustices. Under the circumstances of this case, the petitioner has not borne the burden of showing such an injustice, and the petition is denied.

By way of an aside, the petitioner, it appears, could give correctly a negative answer as to conviction of any crimes. Her problem seems to lie in the fact that the prospective employers of teachers will require permission to obtain information to verify her answer. There may possibly exist some means whereby the record-keeping authority can verify the lack of any criminal convictions but without disclosing other information in its records not sought to be verified. Some procedure of that sort could be helpful to the petitioner.