## CIRCUIT COURT OF FAIRFAX COUNTY

Richard A. Miller, Sr.

v.

Commonwealth of Virginia

March 19, 2001

Case No. (Chancery) 169928

BY JUDGE STANLEY P. KLEIN

On November 13, 2000, Richard A. Miller petitioned this court, pursuant to § 19.2-392.2 of the Code of Virginia, to expunge all records arising out of his 1992 arrest for "Shooting at or throwing missiles, etc., at train, car, vessel, etc." *See* Va. Code Ann. § 18.2-154. Section 18.2-154 lists the offense as a class 4 felony in the absence of fatal injury. The statute states the following:

> Any person who maliciously shoots at, or maliciously throws any missile at or against, any train or cars on any railroad or other transportation company or any vessel or other watercraft, or any motor vehicle or other vehicles when occupied by one or more persons, whereby the life of any person on such train, car, vessel, or other watercraft, or in such motor vehicle or other vehicle, may be put in peril, shall be guilty of a Class 4 felony. In the event of the death of any such person, resulting from such malicious shooting or throwing, the person so offending shall be deemed guilty of murder, the degree to be determined by the jury or the court trying the case without a jury.
>
> If any such act is committed unlawfully, but not maliciously, the person so offending shall be guilty of a Class 6 felony and, in the event of the death of any such person, resulting from such unlawful act, the person so offending shall be deemed guilty of involuntary manslaughter.

> If any person commits a violation of this section by maliciously or unlawfully shooting, with a firearm, at a conspicuously marked law-enforcement, fire or rescue squad vehicle, ambulance or any other emergency medical vehicle, the sentence imposed shall include a mandatory, minimum term of imprisonment of one year which shall not be suspended in whole or in part.

Along with his Petition for Expungement,[1] Miller moved this court to waive fees and costs in the matter. By letter dated December 6, 2000, I granted Miller's request to proceed *in forma pauperis* and indicated that I would rule on the Petition for Expungement based on written submissions from him and the Commonwealth Attorney. Upon consideration of Petitioner's Affidavit[2] in Support of Expungement, executed on December 14, 2000, and the Answer[3] filed by the Commonwealth Attorney's Office at the court's request, the Petition for Expungement is denied for the reasons that follow.

Pursuant to § 19.2-392.2 of the Code of Virginia, absent good cause shown, a circuit court shall expunge an individual's record of misdemeanor arrests and charges if a petitioner — with no prior record[4] — was acquitted of those charges or the charges were dismissed or *nolle prossed*. Section 19.2-392.2(E) provides in part, "If the petitioner has no prior criminal record and the arrest was for a misdemeanor violation, the petitioner shall be entitled, in the absence of good cause shown to the contrary by the Commonwealth, to expungement of the police and court records relating to the charge, and the court shall enter an order of expungement." Va. Code Ann. § 19.2-392(E). *See, e.g., McAfee v. Commonwealth*, 49 Va. Cir. 110 (May 27, 1999). As the Petitioner, however, has been granted leave to proceed *in forma pauperis* because he is housed in the Haynesville Correctional Center, it is clear that he has a prior criminal record.

Moreover, a court may expunge a felony record *only* where it is shown that the continued existence of such records will constitute "a manifest

---

[1] The Petition avers that a copy of the applicable warrant was attached to the Petition, but it was omitted.

[2] The court accepts Miller's Affidavit in place of testimony provided through an ore tenus hearing on the matter.

[3] On January 18, 2001, the Commonwealth filed its Answer to the Petition for Expungement and Respondent's Response to Petitioner's Affidavit in Support of Expungement.

[4] "The expungement statute applies to innocent persons, not those who are guilty." *Gregg v. Commonwealth*, 227 Va. 504, 316 S.E.2d 741 (1984); *see also Commonwealth v. Jackson*, 255 Va. 552, 554, 499 S.E.2d 276 (1998).

injustice." *See generally Brown v. Commonwealth*, 8 Va. App. 126, 132, 380 S.E.2d 8 (1989). Specifically, § 19.2-392.2(E) provides in part: "If the court finds that the continued existence and possible dissemination of information relating to the arrest of the petitioner causes or may cause circumstances which constitute a manifest injustice to the petitioner, it shall enter an order requiring the expungement of the police and court records relating to the charge. Otherwise, it shall deny the petition."

Thus, because the Petitioner has a prior record and the instant charge sought to be expunged is a felony, the Petitioner must establish by the greater weight of the evidence that the possible dissemination of the records may constitute a manifest injustice. *Cf. Holmes v. Commonwealth*, 156 Va. 963, 969, 157 S.E. 554 (1931). In this case, Petitioner believes that the existence of the § 18.2-154 arrest and related records will hinder his ability to obtain employment and housing upon his release from incarceration. However, Petitioner does not present evidence beyond his subjective belief that he will have difficulty finding a job and/or housing. While Miller's concerns regarding employment and housing may be legitimate concerns, these worries do not establish by the greater weight of the evidence that the possible dissemination of such records create a manifest injustice.

Accordingly, this court finds that the Petitioner has failed to meet his statutory burden of proof and the Petition for Expungement is therefore denied.