## CIRCUIT COURT OF FAIRFAX COUNTY

Peter Zabdiel Gomez

 v.

Commonwealth of Virginia

April 14, 2010

Case No. CL-2008-8949

BY JUDGE R. TERRENCE NEY

This matter came before the Court on Petitioner Peter Zabdiel Gomez's Motion to Reconsider his Petition for Expungement. After considering the pleadings and briefs filed by counsel, the Court took the matter under advisement. The following embodies the Court's ruling.

*Facts*

These facts are derived from Petitioner's Motion to Reconsider Petition for Expungement filed on February 19, 2010. The Commonwealth does not dispute the facts as stated.

The Petitioner, Peter Zabdiel Gomez was arrested on December 23, 2006, and charged with Attempted Malicious Wounding of a Police Officer (Va. Code § 18.2-251.1). At trial on July 19, 2007, a jury found Gomez not guilty and the court ordered the charge dismissed.

Gomez filed a Petition for Expungement on July 11, 2008. At the hearing on February 18, 2010, Gomez proffered that, since the arrest, he has applied for jobs in which the prospective employers advised him that they would run background and arrest checks as part of the application process. Because Gomez was — without explanation — not hired for any of these jobs, he argued that the presence of the arrest charge on his record was resulting in manifest injustice to him.

The Court denied the motion on the ground that Gomez did not establish manifest injustice by clear and convincing evidence. The Court also granted leave for Gomez to file a Motion for Reconsideration with legal authority regarding the standard of proof for showing manifest injustice in the expungement context.

Gomez argued that the standard of proof in showing manifest injustice in expungement cases is proof by a preponderance of the evidence, citing *Holmes v. Commonwealth*, in which the court considered a motion for a new trial based on newly-discovered evidence and implicitly defined manifest injustice as requiring proof by a preponderance of the evidence. *Holmes*, 156 Va. 963, 969, 157 S.E. 554, 556 (1931). Gomez also relies upon *Miller v. Commonwealth*, 55 Va. Cir. 110 (Fairfax County 2001), which held that the arrestee must prove manifest injustice by the greater weight of the evidence. *Id*. at 112.

In response, the Commonwealth argued that the standard of proof in showing manifest injustice in expungement cases is proof by clear and convincing evidence, a higher standard. Though acknowledging that there are no Virginia appellate decisions addressing the standard of proof for manifest injustice, the Commonwealth urged the Court to analogize expungement to trial court decisions involving other "manifest injustice issues," including a statute barring an adulterous spouse from receiving spousal support, an exception to the contemporaneous objection rules, and a statute allowing the withdrawal of a guilty plea after sentencing. Additionally, the Commonwealth relied on various circuit court opinions which held that manifest injustice sufficient to justify expungement requires a high standard of proof. *Yarrow v. Commonwealth*, 46 Va. Cir. 309, 309 (Fairfax County 1998); *Miller v. Commonwealth*, 55 Va. Cir. 110 (Fairfax County 2001); and *In re Wilmoth*, 12 Va. Cir. 22 (Rockingham County 1986).

## Analysis

There is no controlling authority in Virginia that sets out the standard of proof for showing manifest injustice in expungement cases. The cases cited by the Commonwealth in an effort to persuade this Court to rule by analogy do not clarify this issue. Manifest injustice may mean different things in different contexts. One simply cannot compare manifest injustice in a spousal support case to that in an expungement case because the policy concerns are far different. Furthermore, other than in the spousal support context, the analogous situations cited by the Commonwealth do

not even clearly establish "clear and convincing evidence" as the standard of proof.

The circuit court opinions on this issue vary greatly. Despite differences in opinion as to the precise standard of proof, however, these cases generally reach the same conclusion, namely, that a subjective showing of difficulty in obtaining employment is not enough to demonstrate manifest injustice. Even in *Miller*, the case with the standard of proof most favorable to Gomez, the court ultimately found that "[w]hile [arrestee's] concerns regarding employment and housing may be legitimate concerns, these worries do not establish by the greater weight of the evidence that the possible dissemination of such records create a manifest injustice." *Miller*, 55 Va. Cir. at 112.

The Court does not need to rule on the standard of proof issue because even with the lower standard of proof, Gomez has not met his burden. He simply has not provided evidence, regardless of the standard chosen, to demonstrate manifest injustice. His subjective feelings are not enough.

The Motion to Reconsider is denied.