COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Humphreys
Argued at Richmond, Virginia


FLOYD GORDON CLEMENTS
                                                    OPINION BY
v.      Record No. 1574-03-2                        JUDGE ROBERT P. FRANK
                                                    MAY 18, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF MADISON COUNTY
Daniel R. Bouton, Judge

Charles L. Weber, Jr., for appellant.

Leah A. Darron, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Floyd Gordon Clements (appellant) was convicted in a bench trial of driving after being

declared a habitual offender, second or subsequent offense, in violation of Code § 46.2-357.  On

appeal, he contends the trial court erred in finding that the Commonwealth sufficiently proved

the Division of Motor Vehicles (DMV) had complied with a notice provision found in former

Code § 46.2-352(A).[1]  For the reasons stated, we affirm.

BACKGROUND

During a traffic stop for speeding, appellant was unable to produce an operator's license.

He indicated he had no license, stating, "I know I'm suspended, I've been suspended since

1992."  DMV records revealed that appellant previously was determined to be a habitual

offender.  Appellant was arrested for violating Code § 46.2-357.

---

[1] Code § 46.2-352 was repealed in 1999.  1999 Va. Acts ch. 945, 987.  Neither party discusses the implications of this repeal on the facts of this case.

At trial, the Commonwealth introduced a copy of an Order of Revocation, issued by DMV and dated May 5, 1997. The Order of Revocation included appellant's name and last known address. The order advised appellant that his privilege to drive was revoked indefinitely, effective June 4, 1997, because he was determined a habitual offender by the DMV.

The Commonwealth also submitted a DMV form, titled "Suspension/Revocation/Disqualification Notice," dated April 1, 2000. This form advised appellant that his license had been revoked as a result of DMV's determination that he was a habitual offender. The form further explained that appellant was not allowed to operate a motor vehicle in Virginia until he had complied with the requirements stated in the previously issued habitual offender order. Appellant signed the notice, indicating personal receipt. The notice also indicated appellant had surrendered his driver's license to the officer who served the notice.

The Commonwealth also introduced into evidence a copy of a conviction order, dated March 26, 2001, finding appellant guilty of driving after having been declared a habitual offender. The conviction order showed appellant was represented by counsel and was sentenced on the charge. Appellant never appealed that conviction.

Finally, the Commonwealth introduced a copy of appellant's DMV record, showing (1) his last known address; (2) issuance of a license to drive on December 2, 1994; (3) a revocation of his driving privileges pursuant to the habitual offender process on May 5, 1997, effective on June 4, 1997; and (4) notice of delivery of the revocation on May 17, 1997, which was not accepted by appellant. The DMV transcript showed appellant had not changed his address since November 1998, and he was still a habitual offender on November 8, 2002.[2]

---

[2] At trial, appellant objected to the admissibility of these four documents, but this Court did not grant an appeal on that issue.

Appellant moved to strike the evidence, arguing the Commonwealth presented no evidence that the DMV Commissioner complied with the notice provision of Code § 46.2-352(A), which required that the Commissioner mail a certified copy with return receipt requested to appellant. He claimed this mailing requirement in Code § 46.2-352(A) was an element of the instant felony crime. Appellant also argued that the Revocation Order was void, contending the mailing requirement was necessary to confer subject matter jurisdiction on DMV. The trial court overruled the motion to strike and convicted appellant.

ANALYSIS

On appeal, appellant contends the underlying Order of Revocation was defective because the Commonwealth did not prove that the Commissioner used the appropriate mailing procedures. Appellant does not claim DMV lacked statutory authority[3] to determine he was a habitual offender nor does he claim he was improperly determined a habitual offender. Instead, he limits his argument to the proposition that the mailing requirement of Code § 46.2-352(A) was not met. Based on this argument, appellant asks this Court to declare the Order of Revocation void. The Commonwealth contends appellant's position is a collateral attack on the Order of Revocation.

Code § 46.2-352(A) authorized the Commissioner of DMV to determine a driver was a habitual offender and "revoke the person's driver's license." It also included the following language:

> The Commissioner shall immediately notify the person of the revocation and or his right to file a petition and request a hearing as provided in subsection B. Such notice shall be mailed by certified mail, return receipt requested, deliver to addressee only, to the address for the person contained in the Department's records. The revocation shall become effective thirty days from the date on which the notice was mailed.

___
[3] Appellant argues DMV lacked "subject matter jurisdiction."

Code § 46.2-352(A). Thus, the statute required the Commissioner to mail notice of the finding to appellant via certified mail with return receipt requested.

"There is a presumption that public officials will obey the law." Hinderliter v. Humphries, 224 Va. 439, 448, 297 S.E.2d 684, 689 (1982). See also Hladys v. Commonwealth, 235 Va. 145, 148, 366 S.E.2d 98, 100 (1988) (noting the appellate courts presume "that public officials have acted correctly"). Similarly,

> [a]s a general principle, when a prior order of a court with jurisdiction to hear a matter is collaterally attacked, "the Commonwealth is entitled to a presumption of regularity which attends the prior [judgment] because 'every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears.'" Nicely v. Commonwealth, 25 Va. App. 579, 584, 490 S.E.2d 281, 283 (1997) (quoting Parke v. Raley, 506 U.S. 20, 30 (1992)) (other citation omitted).

Thompson v. Commonwealth, 27 Va. App. 620, 624, 500 S.E.2d 823, 824-25 (1998).

Clearly, the DMV Commissioner is a public official. See Code §§ 46.2-201, -202 (codifying the appointment of the commissioner by the governor and his oath of office); § 42.1-77 (including in the definition of "public official" any person "holding any office created . . . by any act of the General Assembly"). Appellant does not argue otherwise. Appellant also does not offer any evidence that the Commissioner violated his statutory duty to mail the revocation notice. He simply contends the Commonwealth did not prove the mailing was consistent with the statutory requirement. Given the absence of clear evidence to the contrary, the presumption of regularity stands, and appellant's argument fails. See Robertson v. Commonwealth, 12 Va. App. 854, 856-57, 406 S.E.2d 417, 418 (1991).

As we presume the Commissioner followed the statute's requirements for mailing appellant's notice, we do not address whether failure to comply with the mailing requirements of Code § 46.2-352(A) renders the revocation order void, whether the mailing requirement is an element of the offense, or whether appellant's position is a collateral attack on the revocation

- 4 -

order.  We conclude the Commissioner complied with the mailing requirement and, thus, affirm the judgment of the trial court.

<u>Affirmed.</u>