COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Fitzpatrick, Judges Elder and Bumgardner
Argued at Richmond, Virginia


ERIC MAURICE SMITH

                                                OPINION BY
v.       Record No. 2720-03-2        CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                NOVEMBER 2, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
William L. Wellons, Judge

        Buddy A. Ward, Public Defender (Melissa Fraser, Assistant Public
        Defender; Office of the Public Defender, on brief), for appellant.

        Steven A. Witmer, Assistant Attorney General (Jerry W. Kilgore,
        Attorney General, on brief), for appellee.


        In a bench trial, Eric Maurice Smith (appellant) was convicted of driving on a revoked

operator's license pursuant to Code § 46.2-391.  Appellant contends that the evidence was

insufficient to prove that his operator's license was revoked and that he had notice of that revocation

as required by Code § 46.2-391.[1]  For the reasons that follow, we affirm.

                                                I.

        Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, the prevailing party below, granting to that evidence all

reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App.

154, 156, 493 S.E.2d 677, 678 (1997).  On the evening of January 18, 2003, Officer Nick

Coalson (Coalson) of the Town of Clarksville Police Department observed appellant driving

_____

        [1] Appellant was also convicted of a fourth offense of driving under the influence pursuant
to Code § 18.2-266, but he does not challenge this conviction on appeal.

erratically. Coalson stopped appellant and asked for his license and registration. Appellant responded that he didn't have an operator's license and that it was suspended. Coalson arrested appellant for DUI and took him to the Mecklenburg County Sheriff's office to perform the breath test. While Coalson and appellant waited the required twenty-minute observation period, appellant stated to Coalson, "I had too much to drive, I don't need a license, it's too much trouble. I made a mistake, I shouldn't have drove [sic]."

At trial, the Commonwealth introduced evidence of two prior DUI convictions. That evidence included an August 15, 1997 conviction under Code § 18.2-266, which resulted in a twelve-month suspension of his license, and a November 8, 2000 conviction under Code § 18.2-266, which, because it was appellant's second offense within the last ten years, resulted in his license being "suspended/revoked" for three years. On both occasions, appellant appeared in person before the general district court and waived his right to an attorney. Also, he signed a DC-210 form for the November 8, 2000 offense, in which he acknowledged: "that I have been notified that my driver's license/driving privilege is suspended or revoked for a period of three years effective 12/5/00 as a result of my conviction by this court . . . ." The form also states "I further understand that, if I am convicted of driving while my driver's license is suspended or revoked, I may be fined, sentenced to jail or both." On the back of the warrant, the judge checked the block "DRIVER'S LICENSE suspended" and after it wrote "3 yrs."

Appellant objected to the admission of this evidence, contending that the Commonwealth failed to prove he violated Code § 46.2-391 because the evidence did not show his license was "revoked." Even if his license was revoked, appellant argued the evidence did not show that he was aware of the revocation. The trial court overruled appellant's objections and found sufficient evidence to prove both the revocation and appellant's knowledge of the revocation.

II.

Appellant first argues that the evidence was insufficient to establish that his operator's license was revoked rather than suspended. He contends that his statement to Coalson, in which appellant said that he knew his license was suspended, but did not say that he knew his license was revoked, fails to prove, even when read in conjunction with his signature on the DC-210 form, that his license was properly revoked pursuant to Code § 46.2-391. Rather, at best, it proves only that his license was suspended. This contention is without merit.

The judgment of the trial court will not be disturbed unless plainly wrong or unsupported by the evidence. See Code § 8.01-680. The Commonwealth submitted evidence appellant had two prior convictions under the provisions of Code § 18.2-266.[2] The evidence established that appellant appeared personally on both occasions and waived his right to be represented by counsel each time. By operation of statute, upon his second conviction, pursuant to Code § 18.2-266, appellant's license was revoked for a period of three years. Code § 18.2-271(B) provides:

> If a person (i) is tried on a process alleging a second offense of violating § 18.2-266 . . . within ten years of a first offense for which the person was convicted, . . . under § 18.2-266 . . . and (ii) is convicted thereof, such conviction shall of itself operate to deprive the person so convicted of the privilege to drive . . . in the Commonwealth for a period of three years from the date of the judgment of conviction and such person shall have his license revoked as provided in subsection A of § 46.2-391. The court trying such case shall order the surrender of the person's driver's license, . . . and shall notify such person that his license has been revoked for a period of three years and that the penalty for violating that revocation is as set out in § 46.2-391. . . .

---

[2] Code § 18.2-266 provides in pertinent part: "It shall be unlawful for any person to drive or operate any motor vehicle . . . while such person has a blood alcohol concentration of 0.08 percent or more . . . ."

The general district court completed the back of the warrant on appellant's second conviction as required, noting his fine, his jail sentence and that his license was suspended for three years. Appellant then signed the DC-210 form that specifically stated "I acknowledge that I have been notified that my driver's license/driving privilege is suspended or revoked for a period of three years effective 12/5/00 as a result of my conviction by this court . . . ." The form also states "I further understand that, if I am convicted of driving while my driver's license is suspended or revoked, I may be fined, sentenced to jail or both." The form was admitted as evidence and complies with the notice requirements of Code § 18.2-271(B).

Upon his conviction, the general district court sent notice of the conviction to the Department of Motor Vehicles (DMV).[3] The Commissioner of DMV is then required by Code § 46.2-391 to revoke appellant's driver's license. Code § 46.2-391 provides in pertinent part:

> The Commissioner shall forthwith revoke and not thereafter reissue for three years the driver's license of any person on receiving a record of the conviction of any person who (i) is adjudged to be a second offender in violation of the provisions of . . . § 18.2-266 (driving under the influence of drugs or intoxicants), if the subsequent violation occurred within 10 years of the prior violation . . . .

"In the absence of clear evidence to the contrary, courts may presume that public officers have properly discharged their official duties." Robertson v. Commonwealth, 12 Va. App. 854, 856-57, 406 S.E.2d 417, 418 (1991). See also Clements v. Commonwealth, 43 Va. App. 56, 60,

---

[3] See Code § 18.2-273 which provides:

> Report of conviction to Department of Motor Vehicles. The clerk of every court of record and the judge of every court not of record shall, within thirty days after final conviction of any person in his court under the provisions of this article, report the fact thereof and the name, post-office address and street address of such person, together with the license plate number on the vehicle operated by such person to the Commissioner of the Department of Motor Vehicles who shall preserve a record thereof in his office.

596 S.E.2d 88, 90 (2004) (holding the DMV Commissioner to be a public official subject to the presumption of regularity). There is no evidence that the general district court did not forward notice of the conviction to DMV or that DMV did not revoke appellant's driver's license as required by Code § 46.2-391.

Additionally, the terms "revocation" and "suspension" in this context have been used interchangeably both by the legislature and the courts. Code § 18.2-271 specifically directs the trial court after

> depriv[ing] the person so convicted of the privilege to drive or operate any motor vehicle, . . . in the Commonwealth for a period of three years . . . [t]he *court* trying such case shall order the surrender of the person's driver's license, . . . and *shall notify such person* that his license has been *revoked* for a period of three years and that the penalty for violating that revocation is as set out in § 46.2-391. . . .

(Emphasis added). That is precisely what the trial court did, and appellant acknowledged by his signature on the DC-210 form.

Therefore, because there is credible evidence supporting the trial court's conclusion that appellant's driver's license was revoked, that judgment is not plainly wrong or without evidence to support it.

### III.

Lastly, appellant contends that the evidence failed to prove he knew his driver's license was revoked rather than suspended and, therefore, he cannot be convicted under Code § 46.2-391. We disagree.

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Taylor v. Commonwealth, 33 Va. App. 735, 737, 536 S.E.2d 922, 923 (2000) (internal quotations omitted). Each piece of circumstantial evidence is not viewed separately.

- 5 -

"'While no single piece of evidence may be sufficient, the "combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion."'" Derr v. Commonwealth, 242 Va. 413, 425, 410 S.E.2d 662, 669 (1991) (quoting Stamper v. Commonwealth, 220 Va. 260, 273, 257 S.E.2d 808, 818 (1979) (quoting Karnes v. Commonwealth, 125 Va. 758, 764, 99 S.E. 562, 564 (1919))).

In the instant case, appellant was present and pled guilty to two prior convictions under Code § 18.2-266. He signed the DC-210 form that both gave him notice that he was unable to operate a motor vehicle for three years and listed the possible penalties for driving after the conviction. See Code § 18.2-271. There is no dispute that appellant knew he was forbidden to drive. He admitted to the arresting officer that he knew that he was not licensed to drive. The evidence in the record, when considered as a whole, supports the trial court's finding that the Commonwealth sufficiently proved appellant's license was revoked and appellant had knowledge of that revocation.

Affirmed.