UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Judges Petty, Beales and O'Brien
Argued by teleconference

KEVIN LEE DAWSON

MEMORANDUM OPINION* BY
v.        Record No. 1106-16-3          JUDGE WILLIAM G. PETTY
                                        OCTOBER 17, 2017

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
John T. Cook, Judge

Joseph A. Sanzone (Sanzone & Baker, L.L.P., on brief), for
appellant.

Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Kevin Lee Dawson challenges his conviction of driving after being declared to be an

habitual offender.  He alleges that the order adjudicating him as an habitual offender was void

because he was not properly served with process as required by law.  Because we conclude

Dawson failed to overcome the presumption of regularity concerning the prior adjudication, we

affirm his conviction.

In 2015, Dawson was stopped by a trooper with the Virginia State Police because the

trooper suspected the inspection decal on Dawson's car was defective.  During the stop, Dawson

admitted that his driver's license was suspended.  Dawson was later indicted for driving after

having been adjudicated an habitual offender in violation of Code § 46.2-357.

Dawson had been adjudicated an habitual offender by the Pittsylvania County Circuit

Court in 1994.  In 2014, Dawson pled guilty in Pittsylvania General District Court to driving

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

while adjudicated an habitual offender. Dawson does not suggest that he did not know at the time he was driving in 2015 that he had been adjudicated as an habitual offender. Rather, he argues that the 1994 adjudication order was void *ab initio* because the face of the order states he was not present for the hearing and does not state that he had been properly served with a copy of the show cause order giving him notice of the filing of the information to declare him an habitual offender.[1] He argues that as a result the trial court did not have personal jurisdiction over him and the order is accordingly void.

A challenge to a trial court's jurisdiction is a question of law that is reviewed *de novo* on appeal. Reaves v. Tucker, 67 Va. App. 719, 727, 800 S.E.2d 188, 192 (2017).

"Courts are presumed to act in accordance with the law, and orders of the court are entitled to a presumption of regularity." Napert v. Napert, 261 Va. 45, 47, 540 S.E.2d 882, 884 (2001). When the prior order of a court is "collaterally attacked, 'the Commonwealth is entitled to a presumption of regularity which attends the prior [judgment] because "every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears."'" Clements v. Commonwealth, 43 Va. App. 56, 60, 596 S.E.2d 88, 89-90 (2004) (alteration in original) (quoting Thompson v. Commonwealth, 27 Va. App. 620, 624, 500 S.E.2d 823, 824-25 (1998)). See also Commonwealth v. Dotson, 276 Va. 278, 283, 661 S.E.2d 473, 476 (2008) ("This Court presumes that the trial court followed the statutory mandate of [the applicable code section]."); Jacobs v. Commonwealth, 61 Va. App. 529, 540, 738 S.E.2d 519, 524 (2013) (interpreting the trial court's order based on the principle that trial judges are presumed to know the law and statutory procedural requirements). Likewise,

---

[1] At the time Dawson was declared an habitual offender, Code § 46.2-353 required the Commonwealth's Attorney to file an information with the circuit court alleging that the individual had been convicted of the predicate offenses that brought him within the definition of an habitual offender. That statute has since been repealed.

the presumption in favor of the jurisdiction of the court of general jurisdiction is conclusive and its judgment cannot be collaterally attacked where no want of jurisdiction is apparent of record. Whenever the record of such a court is merely silent upon any particular matter, it will be presumed, notwithstanding such silence, that whatever ought to have been done was not only done but that it was rightly done.

Beck v. Semones' Adm'r., 145 Va. 429, 442, 134 S.E. 677, 681 (1926) (cited with approval in Dotson, 276 Va. at 283, 661 S.E.2d at 476). Furthermore, "the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 257 (1961).

In Clements v. Commonwealth, 43 Va. App. 56, 59, 596 S.E.2d 88, 89 (2004), the appellant argued that his conviction for driving after being declared an habitual offender was void because the Department of Motor Vehicles had failed to comply with a notice provision.[2] Appellant "d[id] not offer any evidence" that the notice provision had not been met, but rather "simply contend[ed] that the Commonwealth did not prove the [notice] was consistent with the statutory requirement." Id. at 60, 596 S.E.2d at 90. This Court concluded that "[g]iven the absence of clear evidence to the contrary, the presumption of regularity stands, and appellant's argument fails." Id. Furthermore, because we concluded that appellant had failed to rebut the presumption of regularity, we declined to address on the merits the question of whether lack of notice would render the prior judgment void. Id. at 61, 596 S.E.2d at 90.

In contrast, in Slaughter v. Commonwealth, 222 Va. 787, 789, 284 S.E.2d 824, 825 (1981), "[t]he record of the habitual offender proceeding was made part of the record" in the case

---

[2] At the time appellant was cited for driving, "Code § 46.2-352(A) authorized the Commissioner of the DMV to determine a driver was a[n] habitual offender" and "required the Commissioner to mail notice of the finding to appellant via certified mail with return receipt requested." Clements, 43 Va. App. at 60, 596 S.E.2d at 89. Code § 46.2-352 was repealed in 1999.

challenging the adjudication. The record in Slaughter affirmatively established that service of process had been made at an address in Bristol, Tennessee, in accordance with statutory procedures for *nonresidents* of the Commonwealth. Id. at 790, 284 S.E.2d at 825. "The record contain[ed] no return mail receipt or any other evidence which would indicate that Slaughter received this mailing." Id. The record showed that Slaughter did not appear at the adjudication hearing. Furthermore, at the hearing challenging the validity of the adjudication order, Slaughter and his wife testified that Slaughter was a resident of Virginia at the time service was attempted. Id. at 790, 284 S.E.2d at 826. The Supreme Court concluded that because the record affirmatively showed that the service of process was invalid, the adjudication order was void for want of jurisdiction. Id. at 794, 284 S.E.2d at 826.

Here, Dawson collaterally attacks the trial court's 1994 order adjudicating him an habitual offender. Relying on Slaughter, Dawson argues that the adjudication order is void because it does not recite on its face that he was given notice of the adjudication hearing.[3] However, in contrast to Slaughter, the record of the original adjudication is not included in the record of the case before us now. The record before us contains a show cause order that was issued by the circuit court directing Dawson to appear and show cause why he should not be declared an habitual offender. That order also directed that a copy "shall be served on said Kevin Lee Dawson in the manner prescribed by law . . . ." At the time of the 1994 hearing, the Code required the trial court to issue a show cause order and required that a "copy of the show cause order and the transcript or abstract [from the Commissioner of Department of Motor

---

[3] Dawson contends that in civil cases it is standard practice for trial courts to include a statement that the defendant was served with notice of the proceeding, thereby giving the court personal jurisdiction over the defendant. We agree that inclusion of such a statement in an order is prudent. However, Dawson points to no legal authority to support the suggestion that failure to include such a statement would render the order itself void. We decline to adopt Dawson's invitation to create that requirement. Simply put, the trial court's failure to expressly state that it had personal jurisdiction over Dawson does not necessarily mean it lacked that jurisdiction.

- 4 -

Vehicles] shall be served on the person named therein in the manner prescribed by [Code] § 18.01-296(1)." Code § 46.2-354 (repealed). We presume the judge presiding over the 1994 adjudication hearing knew the statutory requirements for service of the show cause order and would not have proceeded in adjudicating Dawson an habitual offender if the statutory requirements of Code § 46.2-354 had not been met. See Jacobs, 61 Va. App. at 540-41, 738 S.E.2d at 524. The judge's adjudication action "shall be presumed to have been rightly done, till the contrary appears." Clements, 43 Va. App. at 60, 596 S.E.2d at 89-90.

Dawson cannot rely on the silence of the order on the issue of personal jurisdiction to establish that the trial court did not have personal jurisdiction over him in 1994. See Beck, 145 Va. at 442, 134 S.E. at 681. Dawson bore the burden to show the 1994 order was not correctly done, and he simply has not done so. See Pettus v. Gottfried, 269 Va. 69, 81, 606 S.E.2d 819, 827 (2005) ("When a party seeks to have an issue decided in [his] favor on appeal, [he] is charged with the responsibility of presenting an adequate record from which the appellate court can determine the merits of [his] argument."). Although the adjudication order does not expressly state that the show cause order was properly served on Dawson, neither does it show that it was not properly served. As in Clements, Dawson did not offer any affirmative evidence to rebut the presumption of regularity afforded the trial court's actions in 1994. "Given the absence of clear evidence to the contrary, the presumption of regularity stands," Clements, 43 Va. App. at 61, 596 S.E.2d at 90, and we presume Dawson was properly served with notice prior to the hearing.[4]

---

[4] Dawson does not argue that he was not served with a copy of the adjudication order, nor did he challenge the validity of the 1994 order when he pled guilty to driving after having been adjudicated an habitual offender in 2014.

Because we conclude that appellant has failed to rebut the presumption of regularity, we decline to address on the merits the question of whether lack of notice would render the prior judgment void.  See id.

For the reasons stated, we affirm Dawson's conviction for driving after having been adjudicated an habitual offender in violation of Code § 46.2-357.

Affirmed.