### Richmond

## Watson W. Gregg

### v.

## Commonwealth of Virginia

Record No. 831738.

June 15, 1984.

Present: All the Justices.

*F. Warren Haynie, Jr. (Haynie and Withers,* on brief), for appellant.

*Michael E. Ornoff, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

In this appeal, we consider whether a specific type of criminal record may be expunged under Code § 19.2-392.2. Here, disposition of a drug charge was in accordance with a statute that permitted the court, upon a first offender's plea of guilty, to refrain from entering a judgment of guilt, to place the accused on probation, and ultimately to discharge the person and dismiss the proceeding against him.

In June of 1975, Watson W. Gregg was arrested and charged with possession of marihuana in violation of former Code § 54-524.101:2. At the September 1975 trial in the General District Court of Northumberland County, defendant pled guilty and was placed on probation pursuant to former Code § 54-524.101:3.[1] Thereafter, the charge was dismissed in March of 1976, the judge noting on the warrant: "Dismissed on first offense. . . ."

---

[1] That section (1974 Repl. Vol.), repealed by Acts 1975, ch. 589, provided as follows: "**§ 54-524.101:3. Persons charged with first offense may be placed on probation; discharge.** — Whenever any person who has not previously been convicted of any offense under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marihuana, or stimulant, depressant, or hallucinogenic drugs, or has not previously had a proceeding against him for violation of such an offense dismissed as provided in this section, pleads guilty to or is found guilty of possession of a controlled substance under § 54-524.101:2, the court, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him. Discharge and dismissal under this section shall be without adjudication of guilt and is a conviction only for the purposes of applying this section in subsequent proceedings."

The subject matter of the repealed statute presently is found in Code § 18.2-251.

In June of 1983, Gregg initiated the present proceeding in the Circuit Court of Northumberland County. Relying on Code § 19.2-392.2 (hereinafter, the expungement statute),[2] he petitioned the court to expunge the police and court records relevant to the prior charge. The Commonwealth opposed Gregg's request.

After a hearing, the trial court ruled against Gregg and dismissed the petition. The court decided that the former charge "is not a proper charge to be expunged. . . ." We conclude the trial court was correct.

---

[2] The expungement statute provides:

"**§ 19.2-392.2. Expungement of police and court records.**—A. If a person is charged with the commission of a crime and

1. Is acquitted, or

2. A nolle prosequi is taken or the charge is otherwise dismissed, he may file a petition setting forth the relevant facts and requesting expungement of the police records and the court records relating to the charge.

B. The petition with a copy of the warrant or indictment if reasonably available shall be filed in the circuit court of the county or city in which the case was disposed of by acquittal or being otherwise dismissed and shall contain, except where not reasonably available, the date of arrest and the name of the arresting agency. Where this information is not reasonably available, the petition shall state the reason for such unavailability. The petition shall further state the specific criminal charge to be expunged, the date of final disposition of the charge as set forth in the petition, the petitioner's date of birth, and the full name used by the petitioner at the time of arrest.

C. A copy of the petition shall be served on the Commonwealth's attorney of the city or county in which the petition is filed. The Commonwealth's attorney may file an objection or answer to the petition within twenty-one days after it is served on him.

D. *Hearing by court; granting or denial of expungement.*—The court shall conduct a hearing on the petition. If the court finds that the continued existence and possible dissemination of information relating to the arrest of the petitioner causes or may cause circumstances which constitute a manifest injustice to the petitioner, it shall enter an order requiring the expungement of the police and court records relating to the charge. Otherwise, it shall deny the petition.

E. The Commonwealth shall be made party defendant to the proceeding. Any party aggrieved by the decision of the court may appeal, as provided by law in civil cases.

F. Upon the entry of an order of expungement, the clerk of the court shall cause a copy of such order to be forwarded to the Department of Criminal Justice Services, which Department shall, pursuant to rules and regulations adopted pursuant to § 9-190 of this Code, direct the manner by which the appropriate expungement or removal of such records shall be effected.

G. Costs shall be as provided by § 14.1-113, but shall not be recoverable against the Commonwealth."

■ "The purpose for which a statute is enacted is of primary importance in its interpretation or construction." *Norfolk So. Ry. Co.* v. *Lassiter*, 193 Va. 360, 364, 68 S.E.2d 641, 643 (1952). The several statutes dealing with expungement of criminal records are codified in Chapter 23.1 of Title 19.2. The first statute of the chapter, Code § 19.2-392.1, contains the following statement of policy: "The General Assembly finds that arrest records can be a hindrance to an innocent citizen's ability to obtain employment, an education and to obtain credit. This chapter is intended to protect the innocent persons who are arrested from unwarranted damage which may occur as a result of being arrested."

Gregg argues that because the charge against him was "dismissed" under the first offender statute, he qualifies as one who was "otherwise dismissed" under subparagraph (A)(2) of the expungement statute. Moreover, Gregg says, he is to be considered legally "innocent" within the meaning of the statutory policy statement because the charge against him was dismissed. Thus, he contends, the trial court erred in deciding he is not a member of the class of persons protected by the expungement statute. We disagree.

■ The expungement statute applies to innocent persons, not to those who are guilty. Under the first offender statute, probation and ultimate dismissal is conditioned on a plea of guilty or a finding of guilt. In the present case, the accused pled guilty. One who is "guilty" cannot occupy the status of "innocent" so as to qualify under the expungement statute as a person whose charge has been "otherwise dismissed."

Accordingly, the judgment of the trial court will be

*Affirmed.*