PRESENT: All the Justices

COMMONWEALTH OF VIRGINIA

                                        OPINION BY
v.  Record No. 971431      JUSTICE LAWRENCE L. KOONTZ, JR.
                                        April 17, 1998
LYNNETTE M. JACKSON

            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                     William C. Andrews, Judge

      In this appeal, we consider whether under the specific

facts of this case a person who has entered a plea of nolo

contendere to a criminal charge is entitled to have her arrest

record subsequently expunged under Code § 19.2-392.2.

      The facts are not in dispute.  On January 10, 1995,

Lynnette M. Jackson entered a plea of nolo contendere to a

charge of misdemeanor concealment of merchandise, Code § 18.2-

103, in the General District Court of the City of Hampton.  That

court found the evidence sufficient to convict, but refrained

from entering a judgment of guilty and imposing sentence on

condition that Jackson be on "good behavior," pay court costs,

and not return to the store where the act of concealment

occurred for one year.  One year later and upon stipulation from

the Commonwealth that Jackson had complied with these

conditions, that court dismissed the charge.

      On March 25, 1997, Jackson filed a petition in the Circuit

Court of the City of Hampton seeking expungement under Code §

19.2-392.2 of the police and court records related to the

concealment charge. In the petition, Jackson alleged that she "was innocent of any and all charges."

The Commonwealth did not file an answer, but appeared at the hearing on the petition, opposing it on the ground that Jackson was not "innocent" as contemplated in the statement of policy governing expungement contained in Code § 19.2-392.1. The Commonwealth asserted that the general district court's determination that the evidence was sufficient to convict her precluded Jackson from asserting her innocence in the expungement proceeding. In support of its position, the Commonwealth relied upon Gregg v. Commonwealth, 227 Va. 504, 507, 316 S.E.2d 741, 742-43 (1984), for the proposition that "[t]he expungement statute applies to innocent persons, not those who are guilty." Alternately, the Commonwealth asserted that, under the holding in Gregg, the charge against Jackson was not "otherwise dismissed" within the meaning of Code § 19.2-392.2(A)(2).

In granting the petition for expungement, the circuit court distinguished Gregg on the ground that the defendant in that case had entered a plea of guilty to the charge subsequently dismissed following deferral of judgment, whereas Jackson had pled nolo contendere. The trial court's final order directed that the police and court records of Jackson's arrest on the

2

concealment charge be expunged.  We awarded the Commonwealth this appeal.

On appeal, the Commonwealth reasserts the arguments it advanced in the circuit court.  In response, Jackson asserts that the circuit court properly distinguished Gregg from her case based upon her entry of a plea of nolo contendere rather than a guilty plea.  Moreover, she asserts that, as a result of amendments to Code § 19.2-392.2 enacted subsequent to our decision in Gregg, this statute no longer restricts expungement to those dismissals involving innocent defendants. Specifically, Jackson relies upon the 1992 amendment to Code § 19.2-392.2(A)(2) to include charges dismissed "by accord and satisfaction pursuant to § 19.2-151" and the amendment of Code § 19.2-392.2(E) to include the provision that "if the petitioner has no prior criminal record and the arrest was for a misdemeanor violation, the petitioner shall be entitled, in the absence of good cause shown to the contrary by the Commonwealth, to expungement of the police and court records relating to the charge."  In short, Jackson argues that these amendments modify the applicability of Gregg and allow expungement in the case of a person convicted of a first-offense misdemeanor and in such cases shift the burden to the Commonwealth to show why the records should not be expunged.

3

We first consider whether the trial court properly distinguished Gregg on the ground that the defendant in that case entered a plea of guilty, whereas Jackson entered a plea of nolo contendere. Asserting that a plea of nolo contendere is not a confession of guilt, Jackson contends that there has been no determination of guilt in her case, and she should be considered an "innocent person" entitled to petition for expungement. We disagree.

We recognize that a plea of nolo contendere is not a confession of guilt and has no effect beyond permitting the court to impose sentence in a particular case. Roach v. Commonwealth, 157 Va. 954, 959, 162 S.E. 50, 51 (1932). Nonetheless, by entering a plea of nolo contendere, the defendant "implies a confession . . . of the truth of the charge . . . [and] agrees that the court may consider him guilty" for the purpose of imposing judgment and sentence. Honaker v. Howe, 60 Va. (19 Gratt.) 50, 53 (1869). Thus, while not an admission of guilt, neither is a plea of nolo contendere a declaration of innocence equivalent to a plea of not guilty. Roach, 157 Va. at 960, 162 S.E. at 52; Honaker, 60 Va. (19 Gratt.) at 53.

The difficulty with Jackson's position is that she views her plea of nolo contendere in isolation from the proceeding in which it was entered. The plea was not the sole basis for the general district court's action. That court did not merely

4

accept the plea, but further determined that the evidence was sufficient to prove Jackson's guilt of the offense and then "deferred" judgment.[1]  Jackson agreed to abide by the terms imposed by the court, and the charge was dismissed upon her satisfactory completion of those terms.  In these respects, the present case is indistinguishable from Gregg.  We hold that, based on the record of the criminal prosecution, Jackson is precluded from maintaining her innocence in the expungement proceeding because, as in Gregg, the record that would be expunged affirmatively establishes her guilt of the offense.

We must now consider Jackson's contention that even if she is not an "innocent person" under the rationale of Gregg, the subsequent amendments to Code § 19.2-392.2 have altered the further holding of that case that a dismissal following a deferral of judgment of guilt is not a case "otherwise dismissed."[2]  Code § 19.2-151 permits the trial court to dismiss

---

[1]The Commonwealth did not challenge the authority of the general district court to "defer" judgment or assert the lack of such authority as a basis for opposing the expungement petition. Accordingly, we express no opinion as to whether the action of the general district court was proper.  But see Code § 19.2-303.2 (excluding larceny offenses from those eligible for deferral).

[2]Jackson concedes that she must first establish her entitlement to petition for expungement under subsection (A)(2) of § 19.2-392.2 before reaching the issue raised by the amendment of subsection (E).  It is apparent on the record that Jackson could not qualify for the right to petition for

5

pending criminal charges for assault and battery and other misdemeanors for which there is a civil remedy where the injured party acknowledges satisfaction of the civil wrong. Jackson asserts that such cases "nearly always involve a guilty defendant, but may nevertheless be expunged" under the 1992 amendment of Code § 19.2-392.2(A)(2). Thus, she contends that this amendment is evidence of the legislature's rejection of that part of Gregg which, in effect, restricted dismissals only to cases where the defendant was innocent.[3] We disagree.

The addition of the reference to dismissals upon accord and satisfaction under Code § 19.2-151 is fully consistent with the rationale expressed in Gregg distinguishing dismissals following deferral of judgment from those cases "otherwise dismissed" as contemplated by the expungement statute. Under Code § 19.2-151, the dismissal takes place without a determination of guilt just as in the case of a nolle prosequi or other procedural dismissal. Accordingly, while it may be true that a defendant

---

expungement of this charge under any other provision of subsection (A) or (B).

[3]Jackson further notes that prosecutions are often resolved upon a motion of nolle prosequi "for reasons other than the innocence of the defendants." However, the provision for expungement of records of a criminal charge resolved upon a motion for nolle prosequi was in place at the time of our decision in Gregg, and, thus, has no bearing on our determination of the effect of the subsequent amendment to the statute on the continued viability of that decision.

who provides redress for a civil wrong may actually have committed the concomitant criminal offense, the dismissal occurs without any determination of guilt or imposition of penalty by judicial authority.  Thus, a dismissal under Code § 19.2-151 is of the same quality as those contemplated by the expungement statute at the time Gregg was decided, and the addition of such dismissals to the statute does not affect the continued viability of the rationale of that case.[4]

In sum, we hold that both principles of our decision in Gregg regarding the right to seek expungement remain in force. A person deferred from judgment following a determination that the evidence is sufficient to support a conviction is not "innocent" of the offense regardless of the plea originally entered.  Nor does a dismissal following satisfaction of the terms of that deferral render the case "otherwise dismissed" for purposes of expungement.

We will reverse the judgment of the trial court directing that the police and court records related to the charge against Jackson be expunged, and enter final judgment for the Commonwealth.

---

[4]Because we conclude that Jackson was not eligible to petition for expungement, we need not consider the effect of the amendment to Code § 19.2-392.2(E) on the burden of proof in expungement hearings.

<u>Reversed and final judgment</u>.