## CIRCUIT COURT OF FAIRFAX COUNTY

Karishma Bindra

v.

Commonwealth of Virginia

August 31, 1999

Case No. (Chancery) 161136

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before me on a petition for the expungement of records under § 19.2-392.2 of the Virginia Code. At a hearing on August 12, 1999, I took under advisement the issue presented in this case.

On July 24, 1998, the Fairfax County Sheriff's Department arrested petitioner Karishma Bindra and charged her with public intoxication in violation of § 18.2-388 of the Code of Virginia. At a November 12, 1998, hearing, the petitioner pleaded guilty to the charge, and the court deferred judgment pending the petitioner's completion of forty hours of community service. Petitioner subsequently completed forty hours of community service, and on May 11, 1999, the charge was dismissed. Petitioner seeks to have all public and court records relating to the July 24, 1998, charge expunged under § 19.2-392.2. Petitioner argues that she entered a guilty plea only in order to avoid the embarrassment of a trial and that she was, in fact, innocent of the intoxication charge. The Commonwealth objects to the petition based on petitioner's plea of guilty.

In *Gregg v. Commonwealth*, 227 Va. 504 (1984), the Supreme Court of Virginia held that a defendant who pleads guilty to a charge that is later dismissed may not have the charge expunged. The court reasoned that although the expungement statute allows for expungement of a charge against a person if the charge is "otherwise dismissed," a charge cannot be expunged unless the petitioner is innocent of the offense. The court noted that the

purpose of the statute is to "protect the *innocent* persons who are arrested from unwarranted damage which may occur as a result of being arrested." *Gregg* at 507, quoting the statement of policy accompanying Va. Code, Chapter 23.1 of Title 19.2 (emphasis added).

In *Commonwealth v. Jackson*, 255 Va. 552 (1998), the Virginia Supreme Court rejected the argument that amendments made to the expungement statute after *Gregg* eliminated the requirement of innocence.

The 1992 amendments to § 19.2-392.2 added the following italicized portions:

A. If a person is charged with the commission of a crime and
1. Is acquitted, or
2. A nolle prosequi is taken or the charge is otherwise dismissed, *including dismissal by accord and satisfaction pursuant to § 19.2-151* ... he may file a petition setting forth the relevant facts and requesting expungement of the police records and the court records relating to the charge ....

E. The court shall conduct a hearing on the petition. If the court finds that the continued existence and possible dissemination of information relating to the arrest of the petitioner causes or may cause circumstances which constitute a manifest injustice to the petitioner, it shall enter an order requiring the expungement of the police and court records relating to the charge. Otherwise it shall deny the petition. *However, if the petitioner has no prior criminal record and the arrest was for a misdemeanor violation, the petitioner shall be entitled, in the absence of good cause shown to the contrary by the Commonwealth, to expungement of the police and court records relating to the charge, and the court shall enter an order of expungement.*

Va. Code § 19.2-392.2 (emphasis added).

In *Jackson*, the petitioner entered a plea of *nolo contendere* to the original charge, which was subsequently dismissed. The court held that such a plea, although not a confession of guilt, indicates a defendant's willingness to be considered guilty for the purpose of imposing a judgment and sentence. *Jackson* at 555. Further, the court expressly upheld *Gregg's* innocence requirement. "A person deferred from judgment following a determination that the evidence is sufficient to support a conviction is not 'innocent' of the offense regardless of the plea originally entered. Nor does a dismissal

following satisfaction of the terms of that deferral render the case 'otherwise dismissed' for purposes of expungement." *Jackson* at 557. Finally, *Jackson* noted that in finding the defendant guilty, the trial court did not rely solely on the defendant's plea of *nolo contendere*, but rather made a separate determination that the evidence was sufficient to prove her guilt.

Petitioner asserts that her case can be distinguished from *Jackson* because the court that accepted her guilty plea did not make an express, separate finding that the evidence presented was sufficient to prove her guilt. This argument is unpersuasive. Because the petitioner pleaded guilty, it was unnecessary for the court to make a separate determination that the evidence was sufficient to prove her guilt. The petitioner's case is more analogous to *Gregg*, in which the defendant pleaded guilty and was therefore precluded from obtaining an order of expungement. In *Jackson*, the court stated that expungement is not permitted if "the record that would be expunged affirmatively establishes [the petitioner's] guilt of the offense." *Jackson* at 556. Although the court did not articulate a specific finding that the evidence was sufficient to find the petitioner guilty, the petitioner's guilty plea and the court's acceptance of it affirmatively established her guilt for purposes of expungement. Accordingly, I find that the petitioner's plea of guilty to the charge of public intoxication prevents her from meeting the innocence requirement of the expungement statute as interpreted by *Gregg* and *Jackson*.

Finally, the petitioner argues that because she was charged with a misdemeanor and has no prior criminal record, the burden is on the Commonwealth to show good cause why the charge should not be expunged. The threshold issue in the determination of an expungement petition is whether the petitioner is eligible to petition for expungement. *Jackson* at 557, note 4. Because the petitioner is not eligible to petition for expungement due to her guilty plea, the issue of the shift in the burden of proof set forth in § 19.2-392(E) is moot.

The petition for expungement is denied in accordance with these findings.