## CIRCUIT COURT OF FAIRFAX COUNTY

Dionne G. Brown

    v.

Commonwealth of Virginia

October 10, 2002

Case No. (Chancery) 178889

BY JUDGE STANLEY P. KLEIN

Petitioner Dionne G. Brown petitions this court for expungement of all records relating to a criminal contempt conviction resulting from his failure to appear before the court on an obstruction of justice charge. For the reasons that follow, Brown's Petition for Expungement is denied.

### I. *Background*

On August 28, 1998, an arrest warrant was issued against Brown for a misdemeanor charge of obstruction of justice. Brown failed to appear for trial on October 16, 1998, and a bench warrant was issued for his arrest. After his arrest, Brown appeared before the Fairfax County General District Court and was found guilty of criminal contempt on February 3, 1999, based upon his failure to appear for trial on October 16, 1999. The underlying obstruction of justice charge was dismissed. Brown is currently incarcerated in the federal penitentiary on unrelated charges and unable to appear before the court. In lieu of his testimony, Brown was granted leave to submit affidavits in support of his petition for expungement.

### II. *Analysis*

Virginia Code § 19.2-392.2 provides for expungement of police and court records where a person has been acquitted, pardoned for the commission of a crime for which he has been unjustly convicted, or where a *nolle prosequi* has

been taken or the charge has been otherwise dismissed. See Va. Code Ann. § 19.2-392.2. The purpose behind § 19.2-392.2 was articulated by the Supreme Court of Virginia when it held that "the expungement statute applies to innocent persons, not to those who are guilty." *Gregg v. Commonwealth*, 227 Va. 504, 507, 316 S.E.2d 741 (1984); see also *Commonwealth v. Jackson*, 255 Va. 552, 499 S.E.2d 276 (1998).

In *Gregg*, the defendant was charged and pleaded guilty to possession of marijuana. *Id*. The charge was subsequently dismissed and defendant petitioned to expunge his police and court records. *Id*. Affirming the trial court's denial of the petition, the Court held that "one who is 'guilty' cannot occupy the status of 'innocent' so as to qualify under the expungement statute as a person whose charge has been 'otherwise dismissed'." 227 Va. at 507.

Similarly, in *Jackson*, the defendant pleaded *nolo contendere* to a charge of larceny by concealment. The trial court deferred judgment for a probationary period and then dismissed the charge against her. Defendant petitioned the court for expungement of the records under § 19.2-392.2. The Commonwealth, citing *Gregg v. Commonwealth*, contended the petitioner was not eligible for expungement because she was not innocent. 255 Va. at 554. Reversing the trial court, the Supreme Court of Virginia found the determinative factor to be the trial court's ruling that the evidence was sufficient to find the defendant guilty of the underlying offense, not the defendant's plea of *nolo contendere* to the charge. 255 Va. at 555. As such, the Court held the defendant could not be regarded as innocent and eligible for expungement. *Id*.

In this case, Brown was charged and convicted of criminal contempt for failing to appear before the court to answer the charge of obstruction of justice. In his affidavit, Brown asks this court to consider that the underlying obstruction charge was dismissed and that the contempt conviction is preventing him from being considered for placement in a federal halfway house facility. These facts are legally irrelevant. Brown seeks expungement of the criminal contempt charge, not the obstruction of justice charge. Moreover, he does not contest his guilt of the contempt charge.

## III. *Conclusion*

As Brown is not innocent of the contempt charge for which he seeks expungement, he is not entitled to relief under Va. Code § 19.2-392.2. Accordingly, Brown's petition is denied.