## CIRCUIT COURT OF FAIRFAX COUNTY

Randy E. Woodward

v.

Commonwealth of Virginia

April 15, 2005

Case No. (Chancery) 183829

BY JUDGE STANLEY P. KLEIN

Petitioner Randy E. Woodward petitions this court for expungement of all records relating to two criminal convictions arising from two separate burglary offenses. For the reasons that follow, Woodward's Petition for Expungement is denied.

### *I. Background*

On May 5, 1977, Woodward pleaded guilty to two burglary charges, case numbers 24514 and 24461. On July 22, 1977, Woodward was sentenced to four years of incarceration for each charge with the sentences to run concurrently. The court suspended two years of Woodward's sentence and placed Woodward on probation for a period of two years. On February 12, 1981, the court found that Woodward violated his probation; the court then revoked Woodward's probation and ordered Woodward to serve two years in the penitentiary. Woodward is currently incarcerated in the federal penitentiary on unrelated charges.

The Commonwealth objects to Woodward's petition.

## II. Analysis

Virginia Code § 19.2-392.2 provides that a person may seek expungement of police and court records when (1) a person is acquitted, (2) a *nolle prosequi* is taken or the charge is otherwise dismissed, or (3) a person is granted an absolute pardon for the commission of a crime for which he has been unjustly convicted. *See* Va. Code Ann. § 19.2-392.2(A). Once the petitioner has established that he has a right to seek expungement under the applicable provision of Virginia Code § 19.2-392.2(A), a court must conduct a hearing on the petition. *See Daniel v. Commonwealth*, 268 Va. 523, 530, 604 S.E.2d 444 (2004); *Commonwealth v. Jackson*, 255 Va. 552, 556-57, n. 2, 499 S.E.2d 276, n. 4 (1998); Va. Code Ann. § 19.2-392.2(F). If, over the course of the hearing, "the court finds that the continued existence and possible dissemination of information relating to the arrest of the petitioner causes or may cause circumstances which constitute a manifest injustice to the petitioner, it shall enter an order requiring the expungement of the police and court records relating to the charge." Va. Code Ann. § 19.2-392.2(F).

In *Gregg v. Commonwealth*, defendant pleaded guilty to a charge of drug possession and was placed on probation. *Gregg v. Commonwealth*, 227 Va. 504, 505, 316 S.E.2d 741 (1984). The charge was subsequently dismissed and Gregg later petitioned the court to expunge the police and court records relevant to the charge. *Id.* at 505-06. Affirming the trial court's denial of Gregg's petition, the Supreme Court focused on the stated policy intent of the expungement statute: "to protect the innocent persons who are arrested from unwarranted damage which may occur as a result of being arrested." *Id.* at 507 (citing to Va. Code Ann. § 19.2-392.1). The Court concluded that "the expungement statute applies to innocent persons, not those who are guilty." *Id.* Gregg had pleaded guilty to the original offense. *Id.* The Court held that "one who is 'guilty' cannot occupy the status of 'innocent' so as to qualify under the expungement statute as a person whose charge has been 'otherwise dismissed'." *Id.*

Similarly, in *Jackson*, defendant pleaded *nolo contendere* to a misdemeanor charge of concealment of merchandise. *Jackson*, 255 Va. at 554. The trial court found the evidence sufficient to convict Jackson, but instead deferred judgment pending a probationary period. *Id.* Upon Jackson's successful completion of the probation, the court dismissed the charge. *Id.* Jackson then petitioned for expungement of the police and court records relevant to the concealment charge alleging that she was "innocent of any and all charges." *Id.* Citing *Gregg v. Commonwealth*, the

Commonwealth opposed the petition on the grounds that Jackson was not innocent and therefore did not meet the requirements of the expungement statute. *Id.* The trial court granted Jackson's petition, distinguishing *Gregg* on the ground that Jackson had pleaded *nolo contendere* whereas the Gregg defendant had pleaded guilty. *Id.*

Reversing the trial court, the Supreme Court concluded that, "while not an admission of guilt, neither is a plea of *nolo contendere* a declaration of innocence equivalent to a plea of not guilty." *Jackson,* 255 Va. at 555 (citations omitted). The Court recognized that the trial court "did not merely accept the plea, but further determined that the evidence was sufficient to prove Jackson's guilt of the offense." *Id.* As a result, the Court held that, based on the record of the criminal prosecution, Jackson was precluded from maintaining her innocence because "as in *Gregg,* the record that would be expunged affirmatively established her guilt of the offense." *Id.* at 556.

More recently, in *Daniel,* defendant was tried for a misdemeanor charge of assault and battery upon a plea of not guilty. *Daniel,* 268 Va. at 525. The parties, however, negotiated an agreed disposition. *Id.* The trial court found sufficient evidence for a finding of guilt regarding the criminal charge but deferred judgment pending Daniel's successful compliance with the disposition. *Id.* The trial court later dismissed the assault and battery charge. *Id.* Daniel then petitioned the court for the expungement of police and court records relating to the assault and battery charge. *Id.* at 526.

At the hearing, Daniel argued that his case fell into the "otherwise dismissed" category under Virginia Code § 19.2-392.2(A)(2). *Daniel,* 268 Va. at 526. Daniel further contended that he was entitled to challenge the trial court's finding of guilt in an evidentiary hearing, which he asserted was required by Virginia Code § 19.2-392.2(F). *Id.* The Commonwealth opposed the petition, and relying on *Jackson,* contended that the trial court's prior finding that the evidence was sufficient for a finding of guilt precluded a subsequent expungement of the records because "a dismissal following a period of probation does not fall within the category of charges 'otherwise dismissed' as contemplated by Code § 19.2-392.2(A)(2)." *Id.* The Commonwealth further argued that the hearing required by Virginia Code § 19.2-392.2(F) does not provide a means to challenge the prior actions or findings of the trial court in the underlying criminal case. *Id.* at 526-27. Finding *Jackson* controlling, the trial court denied Daniel's petition for expungement. *Id.* at 527.

Affirming the trial court, the Supreme Court, relying on its prior decisions in *Gregg* and *Jackson*, held that the assault and battery charge was not "otherwise dismissed" as contemplated by Virginia Code § 19.2-392.2(A)(2). *Daniel*, 268 Va. at 530. The Court found the facts virtually indistinguishable from those in *Jackson* except that Daniel entered a plea of not guilty rather than *nolo contendere*. *Id.* at 529. As in *Jackson*, the trial court had made an express finding that the evidence was sufficient for a finding of Daniel's guilt for the offense charged. *Id.* Though neither Daniel nor the *Jackson* defendant admitted guilt, "each agreed to accept and abide by the terms of probation imposed upon them while the trial court deferred entering a judgment of guilty." *Id.* at 530. "A person deferred from judgment following a determination that the evidence is sufficient to support a conviction is not 'innocent' of the offense regardless of the plea originally entered." *Id.* (quoting *Jackson*, 255 Va. at 557). Because Daniel was not innocent of the original charge, he could not seek expungement of his records. *Id.*

Though the Court's holding resolved the particular case, the Court, nevertheless, went on to discuss Daniel's contention that the trial court should have conducted an evidentiary hearing to determine whether he was actually innocent of the assault charge. *Daniel*, 268 Va. at 530. The Court emphasized that the threshold determination that a trial court must make in considering a petition for expungement "*is whether the petitioner has a right to seek expungement of [police and court] records under an applicable provision of Code § 19.2-392.2(A)*." *Id.* (emphasis supplied). To make such a determination, the trial court must review the records of the petitioner's arrest and trial, which defendant should include with the petition if at all possible. *Id.* "Where those records show that the charge the petitioner seeks to have expunged was not the subject of an acquittal, *nolle prosequi*, or absolute pardon, the trial court is limited by the stated basis for the dismissal in determining whether the case falls within the range of cases 'otherwise dismissed' within the meaning of [Va. Code Ann. § 19.2-392.2(A)(2)]." *Id.* at 530-31.

Only after a trial court determines that a petitioner has satisfied the threshold requirement, does a trial court conduct a hearing pursuant to Va. Code Ann. § 19.2-392.2(F). *Id.* at 531 (citing to Va. Code Ann. § 19.2-392.2(F)). The expungement statute "does not contemplate a hearing to permit the petitioner to assert his innocence of the original criminal charge." *Id.*

Here, Woodward was charged with two counts of burglary and pleaded guilty to both counts. Woodward asks this court to grant his

petition for expungement because his guilty pleas were involuntary. He asserts that these convictions on his criminal record have caused him to receive an enhanced sentence for a subsequent offense. Woodward further asserts that the lack of information concerning his arrest, conviction, and sentencing create circumstances which constitute a manifest injustice, specifically that he received an enhanced sentence because of the prior burglary offenses.

Woodward, however, does not assert that he was acquitted of the burglary charges or pardoned. Nor does he assert a *nolle prosequi* was taken with respect to the charges, or that the charges were otherwise dismissed.

The expungement statute applies to innocent persons, not those who are guilty. *Gregg*, 227 Va. at 507. As a result, Woodward cannot occupy the status of "innocent" so as to qualify under the expungement statute as a person whose charge has been otherwise dismissed. *Id.* Here, as in *Jackson*, the records that Woodward seeks expunged affirmatively establish Woodward's guilt of the offenses.

Moreover, Woodward cannot challenge the validity of his guilty pleas through an expungement proceeding. As opined by the Supreme Court in *Daniel*, the expungement statute does not provide a hearing so that a defendant can assert his innocence as to the original criminal charge. *Daniel*, 268 Va. at 530. Rather, the expungement statute provides relief to an innocent petitioner who may suffer a manifest injustice from the continued existence of police and court records relating to the petitioner's arrest. *See Id.* at 531 (citing to Va. Code Ann. § 19.2-392.2(F)).

### III. Conclusion

Woodward fails to establish that he has a right to seek expungement of the court and police records relevant to the burglary charges under any applicable provision of Va. Code Ann. § 19.2-392.2(A). Accordingly, Woodward's petition must be denied.