# CIRCUIT COURT OF FAIRFAX COUNTY

Farida Sabir Newton

    v.

Commonwealth of Virginia

June 22, 2006

Case No. (Law) 2006-5335

## BY JUDGE RANDY I. BELLOWS

This matter comes before the Court on Petitioner Farida Sabir Newton's Motion to Expunge. Having heard oral argument and having considered supplemental briefs submitted, the matter is now ripe for decision.

### I. *Factual and Procedural Background*

On November 16, 2006, petitioner appeared without counsel in Fairfax County District Court on a charge of Petit Larceny. Petitioner did not enter a plea; however, the District Court found that the evidence was sufficient to find guilt. Judgment was deferred until March 15, 2001, and Petitioner was placed in the first offender program and given fifty hours of community service through Opportunity Alternative Resources. Following Petitioner's completion of the terms imposed by the District Court, the charges were dismissed on or about March 15, 2001.

### II. *Analysis*

Virginia Code § 19.2-392.2 provides in pertinent part:

If a person is charged with the commission of a crime and
    1. Is acquitted, or
    2. A nolle prosequi is taken or the charge is otherwise dismissed, including dismissal by accord and satisfaction pursuant to § 19.2-151, or

3. Is granted an absolute pardon for the commission of a crime for which he has been unjustly convicted, he may file a petition setting forth the relevant facts and requesting expungement of the police records and the court records relating to the charge. . . .

F. the court shall conduct a hearing on the petition. If . . . the petitioner has no prior criminal record and the arrest was for a misdemeanor violation, the petitioner shall be entitled, in the absence of good cause shown to the contrary by the Commonwealth, to expungement of the police and court records relating to the charge, and the court shall enter an order of expungement.

Va. Code Ann. § 19.2-392.2.

The "threshold determination to be made by the trial court on considering any petition for expungement of the police and court records relating to a criminal charge is whether the petitioner has a right to seek expungement of those records under an applicable provision of Code § 19.2-392.2(A)." *Daniel v. Commonwealth*, 268 Va. 523, 530, 604 S.E.2d 444 (2004).

In determining whether Petitioner "has a right to seek expungement of those records," the Court has made clear that "the expungement statute applies to innocent persons, not to those who are guilty." *Gregg v. Commonwealth*, 227 Va. 504, 507, 316 S.E.2d 741 (1984).

Here, Petitioner argues that she is innocent of the offense as evidenced by the fact that she made no plea whatsoever. This stands in contrast to *Daniel v. Commonwealth*, 268 Va. 523, 530, 604 S.E.2d 444 (2004), in which petitioner entered a plea of not guilty, and *Commonwealth v. Jackson*, 255 Va. 552, 554, 499 S.E.2d 276 (1998), in which petitioner entered a plea of nolo contendere.

The Supreme Court has explained:

A person deferred from judgment following a determination that the evidence is sufficient to support a conviction is not "innocent" of the offense *regardless of the plea originally entered*. Nor does a dismissal following satisfaction of the terms of that deferral render the case "otherwise dismissed" for purposes of expungement.

*Commonwealth v. Jackson*, 255 Va. 552, 557, 499 S.E.2d 276 (1998) (emphasis added).

This Court is not convinced that the absence of a plea expressing innocence is any more demonstrative of innocence than the actual plea of "not guilty" found in *Daniel v. Commonwealth*, 268 Va. at 530. Moreover, the fact that Petitioner complied with the fifty hours of community service assigned to her through Opportunity Alternative Resources is strong evidence that she understood the proceedings and the opportunity full compliance represented.

## III. *Conclusion*

Because this Court finds that Petitioner has failed to establish a right to seek expungement under an applicable provision of Va. Code § 19.2-392.2(A), Petitioner's Motion for Expungement pursuant to Va. Code § 19.2-392.2 is denied.