# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

D.W.

v.

Commonwealth
of Virginia

October 4, 2006

Case No. 06-158

BY JUDGE EDWARD L. HOGSHIRE

In this action, D.W. seeks expungement of a sexual battery charge, pursuant to Virginia Code § 19.2-392.2. The Court has received the parties' memoranda and, after having reviewed the appropriate authority, the Court grants the Petition for Expungement.

*Statement of Facts*

On March 18, 2003, the Petitioner was arrested on the misdemeanor charge of sexual battery. At the June 13, 2003, General District Court trial, the Petitioner pleaded not guilty to the charge of sexual battery, but was nonetheless convicted. The Petitioner appealed to the Charlottesville Circuit Court, and a trial was held on September 13, 2004. Though the jury unanimously found the Petitioner not guilty of sexual assault, the jury hung on the charge of battery, and the Court declared a mistrial.

On November 23, 2004, prior to a new trial, the Petitioner and the Commonwealth entered into a plea agreement. The Commonwealth dropped the sexual battery charge, and the Petitioner pleaded guilty to the lesser charge of disorderly conduct. The Petitioner received a ninety-day jail sentence, all of

which was suspended. Although only a disorderly conduct conviction appears in the records of this Court, a sexual battery charge lingers in the records of the General District Court.

## Question Presented

Whether a person who is convicted of sexual battery in a general district court, but who, during the course of appeal, has the charge of sexual battery dropped and pleads guilty only to disorderly conduct, is entitled to the expungement of records relating to sexual battery.

## Analysis

If a person is acquitted of a crime, if a *nolle prosequi* is taken or the charge is otherwise dismissed, or if the person is pardoned for the commission of a crime for which he has been unjustly convicted, that person may file a petition setting forth the relevant facts and requesting expungement of the police and court records relating to the charge. Va. Code § 19.2-392.2(A). If the court finds that the continued existence and possible dissemination of information relating to the arrest of the petitioner causes or may cause circumstances of manifest injustice to the petitioner, the court shall order the expungement of relevant police and court documents. Va. Code § 19.2-392.2(F).

If the petitioner has no prior criminal record and the arrest was for a misdemeanor, the Commonwealth must show good cause why the order should not be granted. *Id.*

The case law cited by the Commonwealth is inapposite. In both *Woodward v. Commonwealth*, 68 Va. Cir. 66 (2005), and *Gregg v. Commonwealth*, 227 Va. 504 (1984), Virginia courts denied the petitioners' motions for expungement, since the petitioners pleaded guilty to the charges that they sought to have expunged. In this case, the Petitioner did not plead guilty to sexual battery, and, though the General District Court convicted him of sexual battery, the charge was dropped after his appeal to the Charlottesville Circuit Court. Furthermore, the Petitioner's appeal nullified the judgment of the General District Court. *Santen v. Tuthill*, 265 Va. 492, 496 (2003). With respect to the charge of sexual battery, the Petitioner is appropriately considered innocent.

Finally, the Petitioner has shown that the dissemination of information relating to his arrest for sexual battery has caused or may cause circumstances of manifest injustice to the Petitioner. Relying on the records in the General

134

District Court, criminal reporting companies such as Integra Scan continue to report that the Petitioner has been convicted of sexual battery. Such a report, when received by a prospective employer or landlord, will almost certainly prejudice the Petitioner's opportunity for gainful employment or appropriate housing. If the report was correct, such prejudice would be understandable; since the record is inaccurate, the prejudice is obvious.

Since the continued existence of the records relating to the arrest for sexual battery may create circumstances of manifest injustice to the Petitioner, the Court grants the Petition for Expungement as it relates to the charge of sexual battery.