PRESENT:   All the Justices

COMMONWEALTH OF VIRGINIA

v.        Record No. 071162                    OPINION BY
                                        JUSTICE S. BERNARD GOODWYN
NINA CARMAN DOTSON                          June 6, 2008

FROM THE CIRCUIT COURT OF THE CITY OF BRISTOL
Larry B. Kirksey, Judge

In this appeal, we consider whether a criminal charge that
was dismissed pursuant to a first offender statute, Code
§ 18.2-251, can be expunged from a defendant's record.

Nina Dotson ("Dotson"), charged with possession of
marijuana under Code § 18.2-250.1, tendered a plea of nolo
contendere in the Circuit Court of the City of Bristol.  The
court accepted the plea, deferred proceedings pursuant to a
first offender statute, Code § 18.2-251, and, upon Dotson's
successful completion of the obligations imposed upon her by
the court, dismissed the charge.  Approximately three years
later, Dotson made a motion for expungement of her records
regarding the possession of marijuana charge.  The trial court
granted the motion.  The Commonwealth appeals.

On August 2, 2001, Dotson pled not guilty to the
misdemeanor charge of possession of marijuana and was convicted
in the General District Court of the City of Bristol.  Dotson
appealed the conviction to the Circuit Court of the City of
Bristol, where she tendered a plea of nolo contendere as part

of an agreement that the Commonwealth would recommend that she be treated as a first offender pursuant to Code § 18.2-251. The court accepted the plea and deferred proceedings pursuant to the first offender statute. The trial court's order did not state that there was a finding of guilt or that there was evidence sufficient for a finding of guilt.

Pursuant to the disposition of her claim under the first offender statute, the court ordered Dotson to serve one year of active probation and suspended her driver's license for six months. The court also ordered Dotson to pay the cost of the proceedings within six months, enter into and successfully complete any substance abuse programs as directed by her probation officer, complete twenty-four hours of community service, and remain free from using drugs and alcohol. On October 23, 2002, the circuit court ruled that Dotson had satisfied her court-ordered obligations and, based upon Dotson's successful completion of those court-ordered obligations, the court dismissed the possession of marijuana charge.

On December 27, 2005, Dotson served the Commonwealth with a motion for expungement of her police and court records regarding the possession of marijuana charge. Dotson stated in her motion that the charge had been dismissed upon her successful completion of her court-ordered obligations. Dotson

2

did not allege that she had been acquitted or that a nolle prosequi had been taken in her case. Her motivation for seeking expungement, as stated in her motion, was a job rejection and the potential for subsequent rejections due to her criminal record.

After a hearing, the trial court found that "[u]nwarranted damage [] occurred to [Dotson] and may occur in the future if her arrest record is not expunged." The trial court also found that, even though the court had treated Dotson as a first offender, the court's order doing so failed to "reflect a finding of guilt or that the evidence would have been sufficient for a finding of guilt." Based on these findings, the trial court ordered that Dotson's arrest and court records regarding the possession of marijuana charge be expunged.

Code § 19.2-392.1 contains the following statement of policy:

> The General Assembly finds that arrest records can be a hindrance to an <u>innocent</u> citizen's ability to obtain employment, an education and to obtain credit. It further finds that the police and court records of those of its citizens who have been absolutely pardoned for crimes for which they have been unjustly convicted can also be a hindrance. This chapter is intended to protect <u>such persons</u> from the unwarranted damage which may occur as a result of being arrested and convicted.

Code § 19.2-392.1 (emphasis added).

3

Code § 19.2-392.2(A) lists the pertinent occasions when an expungement may be sought; it states, in relevant part:

> If a person is charged with the commission of a crime and (1) [i]s acquitted, or (2) [a] nolle prosequi is taken or the charge is otherwise dismissed, including dismissal by accord and satisfaction pursuant to § 19.2-151 . . . he may file a petition setting forth the relevant facts and requesting expungement . . . .

Code § 19.2-392.2(A).[*] There is no dispute regarding the fact that Dotson was neither acquitted nor was a nolle prosequi taken dismissing her charge. Thus, under the statute, in order for Dotson's charge to be expunged, it must have been "otherwise dismissed."

The Commonwealth notes that Dotson pled nolo contendere and that the relevant first offender statute, Code § 18.2-251, requires a court to find evidence sufficient for a finding of guilt prior to placing a defendant on first offender status. The Commonwealth argues that expungement is designed for "innocent" citizens, and a charge dismissed pursuant to a first offender statute is not "otherwise dismissed" as required by Code § 19.2-392.2(A); thus, it may not be expunged.

Dotson argues that she is entitled to expungement despite her plea of nolo contendere because the trial court's order, deferring disposition of her charge and placing her on terms

pursuant to Code § 18.2-251, did not expressly state that the court found evidence sufficient for a finding of guilt. Analogizing her dismissal to an accord and satisfaction, Dotson claims that her charge qualifies for expungement because it was "otherwise dismissed" within the meaning of Code § 19.2-392.2(A). We disagree with Dotson.

In Commonwealth v. Jackson, 255 Va. 552, 499 S.E.2d 276 (1998), this Court offered the following explanation regarding a plea of nolo contendere:

> We recognize that a plea of *nolo contendere* is not a confession of guilt and has no effect beyond permitting the court to impose sentence in a particular case. Nonetheless, by entering a plea of *nolo contendere*, the defendant "implies a confession . . . of the truth of the charge . . . [and] agrees that the court may consider him guilty" for the purpose of imposing judgment and sentence. Thus, while not an admission of guilt, neither is a plea of *nolo contendere* a declaration of innocence equivalent to a plea of not guilty.

Id. at 555, 499 S.E.2d at 278 (citations omitted). Dotson, by pleading nolo contendere to the possession of marijuana charge, agreed that the court could consider her guilty for the purpose of imposing judgment and sentence.

Accepting Dotson's plea of nolo contendere, the trial court placed her on first offender status. The first offender

---

[*] Code § 19.2-392.2 was amended effective July 1, 2007. See 2007 Acts chs. 465, 824, 883, and 905. However, these amendments are not relevant to this case.

statute, Code § 18.2-251, states that if a person pleads guilty or enters a plea of not guilty, "the court, upon such plea if the facts found by the court would justify a finding of guilt, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions."  Code § 18.2-251 (emphasis added).  By statute, inherent in a trial court placing a defendant on first offender status is a finding by the trial court that there is evidence sufficient to find the defendant guilty.  Under the first offender statute, probation and ultimate dismissal is conditioned upon a finding of guilt. Gregg v. Commonwealth, 227 Va. 504, 507, 316 S.E.2d 741, 743 (1984).

This Court presumes that the trial court followed the statutory mandate of Code § 18.2-251.  See Napert v. Napert, 261 Va. 45, 47, 540 S.E.2d 882, 884 (2001); Beck v. Semones, 145 Va. 429, 442, 134 S.E. 677, 681 (1926).  As a matter of law, the trial court had to find there was sufficient evidence to find Dotson guilty before disposing of her case pursuant to the first offender statute by deferring further proceedings and placing Dotson on probation with terms and conditions that had to be satisfied prior to the dismissal of her charge.

A defendant cannot be considered "innocent" as contemplated by the expungement statute when he or she

enters a plea of nolo contendere and the trial court finds that the evidence was sufficient to prove his or her guilt. Jackson, 255 Va. at 555-56, 499 S.E.2d at 278. Dotson, nevertheless, claims that her situation may be analogized to one in which a charge is dismissed by accord and satisfaction. However, in Jackson, we held that an accord and satisfaction "dismissal occurs without any determination of guilt or imposition of penalty by judicial authority." Jackson, 255 Va. at 556, 499 S.E.2d at 279. We further held that:

> A person deferred from judgment following a determination that the evidence is sufficient to support a conviction is not "innocent" of the offense regardless of the plea originally entered. Nor does a dismissal following satisfaction of the terms of that deferral render the case "otherwise dismissed" for purposes of expungement.

Id. at 557, 499 S.E.2d at 279.

Dotson pled nolo contendere and was placed on first offender status. The trial court was required to find evidence sufficient for a finding of guilt in order to defer the proceedings pursuant to the first offender statute, Code § 18.2-251. Her charge was not dismissed until after she completed court-ordered obligations including the suspension of her operator's license, probation, and payment of court costs. By statute, such obligations could not be imposed absent a finding of evidence sufficient to find her guilty. Thus,

7

Dotson's charge was not "otherwise dismissed" within the meaning of the expungement statute, and Dotson was not entitled to have the charge expunged from her record.

We will reverse the judgment of the trial court granting expungement and enter final judgment for the Commonwealth.

<u>Reversed and final judgment</u>.