# COURT OF APPEALS OF VIRGINIA

## Record No. 2006-24-2

N.T.A.

v.

COMMONWEALTH OF VIRGINIA

Present: Chief Judge Decker, Judges Malveaux and Duffan

Opinion Issued April 7, 2026

## FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
### Charles S. Sharp, Judge Designate

(N.T.A., on briefs), *pro se*.[1]

(Justin W. Witt, Deputy Commonwealth's Attorney, on brief), for appellee. Appellee submitting on brief.

## PUBLISHED OPINION BY
## <u>JUDGE MARY BENNETT MALVEAUX</u>

N.T.A. appeals the circuit court's denial of his petitions to expunge charges that were

nolle prossed[2] and dismissed by the general district and juvenile and domestic relations district

("JDR") courts. On appeal, N.T.A. argues that the circuit court erred in finding that, because his

charges were nolle prossed or dismissed as part of a plea agreement, the charges were not

---

[1] We use petitioner's initials because "[a] published opinion employing [the petitioner's] full name would be counterproductive to the object of the expungement petition." *A.R.A. v. Commonwealth*, 295 Va. 153, 156 n.1 (2018).

[2] Throughout this opinion, we use the terms "nolle prossed" or "nolle pros" to reference charges where the court granted the Commonwealth's motion for nolle prosequi. *See Hammer v. Commonwealth*, 74 Va. App. 225, 235-36 (2022) (noting that "[a] concept dating from the late 1600s, *nolle prosequi* means 'unwilling to prosecute' in Latin" (quoting *Duggins v. Commonwealth*, 59 Va. App. 785, 790 (2012))); *see also Nolle Prosequi*, *Black's Law Dictionary* (12th ed. 2024) (defining nolle prosequi as "a legal notice that a lawsuit or prosecution has been abandoned"). "Nolle prosequi shall be entered only in the discretion of the court, upon motion of the Commonwealth with good cause therefor shown." Code § 19.2-265.3.

eligible for expungement. Because we find that N.T.A.'s charges are eligible for expungement pursuant to Code § 19.2-392.2(A)(2), we reverse the circuit court's judgment.[3]

BACKGROUND[4]

In December 2022, in the general district court, N.T.A. was charged with obstruction of justice, in violation of Code § 18.2-460, destruction of property worth less than $1,000, in violation of Code § 18.2-137, and five counts of selling tobacco to a minor, in violation of Code § 18.2-371.2. He was also charged in the JDR court with five counts of contributing to the delinquency of a minor, in violation of Code § 18.2-371, and five counts of purchasing alcohol for a minor, in violation of Code § 4.1-306. Later that month, N.T.A. was charged with violating his pretrial release conditions related to one of the contributing to the delinquency of a minor charges in the JDR court. The general district court then issued a capias charging him with contempt for failing to appear for trial on his obstruction of justice charge. *See* Code § 18.2-456(A)(6).

At a February 2023 hearing before the JDR court, in exchange for N.T.A. pleading guilty to two counts of contributing to the delinquency of a minor, the Commonwealth agreed to nolle pros several of his charges from the general district and JDR courts. The nolle prossed charges in the JDR court included the three charges for contributing to the delinquency of a minor, the five charges for purchasing alcohol for a minor, and the charge for violating pretrial release conditions. N.T.A. did not enter a plea for any of those charges, and the disposition reflected

_____

[3] Despite proper notice, N.T.A. failed to appear at oral argument, and the Commonwealth waived oral argument.

[4] A portion of the record in this case was sealed, but the appeal necessitates unsealing certain relevant portions of the record to resolve the issues raised on appeal. "Consequently, [t]o the extent that we mention facts found only in the sealed record, we unseal only those specific facts, finding them relevant to our decision in this case. The remainder of the previously sealed record remains sealed." *Chenevert v. Commonwealth*, 72 Va. App. 47, 52 n.1 (2020) (alteration in original) (quoting *Church v. Commonwealth*, 71 Va. App. 107, 112 n.1 (2019)).

that they were nolle prossed on the Commonwealth's motion. The nolle prossed general district court charges were for purchasing tobacco for a minor. Like the JDR charges, N.T.A. did not enter a plea on those charges, and they were nolle prossed upon the Commonwealth's motion.

In May 2023, N.T.A. was arrested for failing to appear for trial on his obstruction of justice charge. At a hearing before the general district court, N.T.A. pleaded guilty to obstruction of justice. In exchange for his guilty plea, the Commonwealth moved to nolle pros the destruction of property charge and one of the failure to appear charges. The second charge for failure to appear was dismissed. N.T.A. did not enter a plea on the destruction charge or the failure to appear charges, and the dispositions reflected that those charges were nolle prossed on the Commonwealth's motion or simply dismissed.

Months later, the JDR court issued a summons for N.T.A. to show cause why his suspended sentence for contributing to the delinquency of a minor should not be revoked. The show cause was dismissed on the return date.

N.T.A. subsequently petitioned the circuit court to expunge the dismissed and nolle prossed charges.[5] N.T.A. argued that the charges were eligible for expungement because they were dismissed or nolle prossed. He also argued that the existence of these charges on his record constituted a manifest injustice because it negatively impacted his employment opportunities. The Commonwealth objected. It argued that expungement would "suppress the police report" for the obstruction charge and "there was no finding of innocence with respect to [N.T.A.'s] activity as [he] plead[ed] guilty," and therefore the nolle prossed charges were not eligible for expungement. The court granted N.T.A.'s petitions in part and denied them in part.

---

[5] N.T.A. filed separate petitions for the general district and JDR court charges. The circuit court considered both petitions at the same hearing and both are the subject of this appeal. And while one of N.T.A.'s charges for failure to appear was dismissed and one was nolle prossed, N.T.A. only petitioned to expunge the dismissed charge.

Before the expungement orders were entered, the Commonwealth moved for reconsideration, asserting that it had learned that all of N.T.A.'s charges were related to a plea agreement. At the hearing on the motion to reconsider, and before a different judge,[6] the Commonwealth reiterated its argument that because N.T.A. pleaded guilty to charges resulting from the same incidents, the remaining charges were not eligible for expungement. N.T.A. again argued that the charges satisfied the requirements of Code § 19.2-392.2. The circuit court denied N.T.A.'s petitions in their entirety.

This appeal followed.

ANALYSIS

On appeal, N.T.A. argues that the circuit court erred in denying his petitions because the charges were eligible for expungement under Code § 19.2-392.2(A).

"[T]he threshold determination to be made by the trial court on considering any petition for expungement . . . is whether the petitioner has a right to seek expungement of those records under an applicable provision of Code § 19.2-392.2(A)." *Williams v. Commonwealth*, 302 Va. 172, 173 (2023) (alterations in original) (quoting *Daniel v. Commonwealth*, 268 Va. 523, 530 (2004)). A person "charged with the commission of a crime, a civil offense, or any offense defined in Title 18.2" may petition to expunge "police records and the court records relating to the charge" when the person "[i]s acquitted, or . . . [a] nolle prosequi is taken or the charge is otherwise dismissed." Code § 19.2-392.2(A)(1)-(2). Whether a charge is eligible for expungement under Code § 19.2-392.2(A) is a question of law that we review de novo. *Dressner v. Commonwealth*, 285 Va. 1, 5 (2013); *Commonwealth v. Morris*, 281 Va. 70, 76 (2011).

---

[6] Judge Sarah Deneke presided over the initial expungement hearing. Judge Sharp presided over the hearing on the motion to reconsider and entered the orders denying N.T.A.'s petitions.

We also review issues of statutory interpretation de novo. *Smith v. Commonwealth*, 66 Va. App. 382, 386 (2016). "[W]e must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity." *Id.* at 387 (alteration in original) (quoting *Scott v. Commonwealth*, 58 Va. App. 35, 48 (2011)). "Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed." *Id.* (quoting *Crislip v. Commonwealth*, 37 Va. App. 66, 71-72 (2001)).

N.T.A. contends that Code § 19.2-392.2 does not prohibit expungement of his charges simply because they were dismissed or nolle prossed pursuant to a plea agreement. The Commonwealth asserts that the circuit court correctly denied all of N.T.A.'s expungement petitions because the "charges subject to the *nolle prosequi* motions were not 'otherwise dismissed,'" and N.T.A. "is not in a position of innocence" because he pled guilty to some of the charges.

We first consider whether the nolle prossed charges are eligible for expungement. Under the plain language of Code § 19.2-392.2(A)(2), a person may petition for expungement when "[a] nolle prosequi is taken." The term "nolle prosequi" is "readily understood." *Williams*, 302 Va. at 174. "When the legislature has used words of a plain and definite import, courts cannot construe them in a manner which amounts to holding that the legislature did not mean what it actually stated." *Dressner*, 285 Va. at 9 (quoting *Jones v. Jones*, 249 Va. 565, 570 (1995)). And "the plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction." *Id.* at 10 (quoting *Turner v. Commonwealth*, 226 Va. 456, 459 (1983)).

The Commonwealth misinterprets the plain language of the expungement statute. Code § 19.2-392.2 allows for expungement of a charge when either "[a] nolle prosequi is taken *or* the charge is otherwise dismissed." (Emphasis added). In enacting Code § 19.2-392.2, "the General Assembly chose to use the disjunctive 'or,' not the conjunctive 'and.' '[T]he use of the disjunctive

word "or," rather than the conjunctive "and," signifies the availability of alternative choices.'" *Williams v. Commonwealth*, 61 Va. App. 1, 8 (2012) (alteration in original) (quoting *Rose v. Commonwealth*, 53 Va. App. 505, 514 (2009)). A court may therefore expunge charges either because they were nolle prossed or because they were otherwise dismissed. And the statute does not contemplate the relation of guilty pleas to related or accompanying charges that are not subject to a petition for expungement. The clear and unambiguous language of the statute, therefore, permits expungement of N.T.A.'s nolle prossed charges. Code § 19.2-392.2(A)(2).

We next consider whether N.T.A.'s two remaining dismissed charges for failure to appear and a show cause were considered "otherwise dismissed" pursuant to the expungement statute. We find that the circumstances of N.T.A.'s charges that were dismissed are closely analogous to those in *Brown v. Commonwealth*, 278 Va. 92 (2009). There, the Commonwealth agreed to dismiss the petitioners' charges upon completion of certain agreed-upon tasks, but the petitioners did not enter a plea, and the district courts did not find the evidence sufficient to prove guilt. *Id.* at 95-96. Our Supreme Court "liken[ed] the dismissals at issue to a nolle prosequi or accord and satisfaction; each dismissal took place without a determination of guilt, without a finding of evidence sufficient to establish guilt, and without penalties or conditions imposed by judicial authority." *Id.* at 102. The Supreme Court held that the petitioners "occup[ied] the status of 'innocent' so as to qualify under the expungement statute as a person whose charge has been 'otherwise dismissed.'" *Id.* (quoting *Gregg v. Commonwealth*, 227 Va. 504, 507 (1984)).

Here, N.T.A. did not enter pleas to the charges he seeks to expunge. Moreover, nothing in the record indicates that the general district or JDR courts heard any evidence on the charges or found the evidence sufficient to support a finding of guilt. Nor does the record reflect that N.T.A. ever admitted guilt to these specific charges, either to the courts or in the plea agreement, or that the

plea agreement waived his right to seek expungement.[7]  His guilty pleas to other charges arising from the same circumstances do not inherently carry an admission of guilt as to *all* charges. Instead, the charges were dismissed without a plea, a finding of guilt, or judicially imposed conditions.[8]  *Brown*, 278 Va. at 102.  N.T.A.'s dismissed charges are therefore also considered "otherwise dismissed" pursuant to the expungement statute.

Citing the policy statement in Code § 19.2-392.1, the Commonwealth also argues that expungement is only available to the innocent and because N.T.A. pleaded guilty to some of the charges, he is not innocent of any of the charges.  That policy statement provides that

> The General Assembly finds that arrest records can be a hindrance to a citizen's ability to obtain employment and an education.  It further finds that the police and court records of those of its citizens who have been absolutely pardoned for crimes for which they have been unjustly convicted or who have demonstrated their rehabilitation can also be a hindrance.  This chapter is intended to protect such persons from the unwarranted damage that may occur as a result of being arrested and convicted.

Code § 19.2-392.1.  While we agree that "'[t]he expungement statute applies to innocent persons,'" and "one who is 'guilty' cannot occupy the status of 'innocent' so as to qualify under the expungement statute as a person whose charge has been 'otherwise dismissed,'" N.T.A. did not

---

[7] The record does not establish whether the plea agreement was reduced to writing, and a plea agreement was not included in the record.

[8] The authorities cited by the Commonwealth are instructive to define the parameters of charges that are not "otherwise dismissed," but the facts of those cases are inapposite here.  *See Necaise v. Commonwealth*, 281 Va. 666, 667-70 (2011) (holding that felony charges were not eligible for expungement where petitioner pleaded guilty to lesser included misdemeanor offenses); *Commonwealth v. Dotson*, 276 Va. 278, 280-84 (2008) (holding that a charge was not eligible for expungement where it was dismissed pursuant to the first offender statute because "inherent in a trial court placing a defendant on first offender status is a finding by the trial court that there is evidence sufficient to find the defendant guilty"); *Daniel*, 268 Va. at 529-30 (finding that a dismissed charge was not eligible for expungement, despite petitioner's not guilty plea, where trial court found evidence was sufficient to prove guilt but withheld a finding based upon petitioner's agreement to comply with certain conditions); *Commonwealth v. Jackson*, 255 Va. 552, 553-57 (1998) (holding that, where petitioner pleaded nolo contendere and court found the evidence was sufficient to prove guilt but deferred disposition, the charge was not eligible for expungement).

plead guilty to the specific charges he seeks to expunge. *See Daniel*, 268 Va. at 528 (quoting *Gregg*, 227 Va. at 507). We find that for purposes of the expungement statute, an analysis of the term "innocent person" applies to the *individual charges* sought to be expunged. We therefore reject the Commonwealth's argument that here, the term "innocent person" applies to the totality of N.T.A.'s actions that subsequently led to other charges that were either dismissed or pled guilty to. Consequently, he occupies the status of innocent regarding all of the charges he seeks to expunge.

Accordingly, we find that N.T.A.'s nolle prossed charges are eligible for expungement under the plain language of Code § 19.2-392.2(A)(2) and the dismissed charges are eligible for expungement because they were "otherwise dismissed" under Code § 19.2-392.2(A)(2). *Brown*, 278 Va. at 102.[9]

---

[9] N.T.A. also asserts in a second assignment of error that his petitions for expungement should not be denied because expungement of some charges would expunge records related to or duplicative of those included in the charges he pled guilty to. He cites Administrative Code § 6 VAC 20-120-80(C)(2), which outlines the process for expunging information in circumstances like this, where information to be expunged is included among other information that will not be expunged. Specifically, Administrative Code § 6 VAC 20-120-80(C)(2) provides that

> If the information to be expunged is included among other
> information that has not been expunged on the same form or piece of
> paper, the expunged information shall be obliterated on the original
> or the original shall be retyped eliminating the expunged
> information. The expunged information shall then be placed in the
> file for expunged records, in its original or copied form, and shall be
> accessible only to the manager of records.

Because we conclude under the first assignment of error that the nolle prossed and dismissed charges were eligible for expungement, we need not address this issue raised in N.T.A.'s second assignment of error. *See S'holder Representative Servs., LLC v. Airbus Ams., Inc.*, 292 Va. 682, 689 (2016) (holding that a dispositive assignment of error obviates any need to address other assignments of error).

CONCLUSION

For the foregoing reasons, we reverse the circuit court's judgment denying N.T.A.'s

expungement petitions and remand the matter to the circuit court for further proceedings consistent

with this opinion.

*Reversed and remanded.*