# CIRCUIT COURT OF THE CITY OF ROANOKE

Robert Harrison Brandon

v.

Commonwealth of Virginia

July 16, 2012

Case No. CL12000956

By Judge Clifford R. Weckstein

Robert Harrison Brandon has filed a petition for expungement of police and court records relating to certain charges against him, proceeding under the provisions of Virginia Code § 19.2-392.2(A)(2). Mr. Brandon represents himself.

The petition complies with the requirements of § 19.2-392.2. A copy was served on the Attorney for the Commonwealth, who has not filed an answer or objection and who chose not to participate in this case. The petitioner's fingerprints were duly obtained and submitted to the Central Criminal Records Exchange (CCRE) with a copy of the petition for expungement attached. The CCRE, through the Department of State Police, has forwarded to the court a copy of the petitioner's criminal history and the set of fingerprints.

Thereupon, on June 21, 2012, the Court conducted a hearing on the petition. The petitioner was present and offered evidence, which the Court heard *ore tenus*. The Attorney for the Commonwealth chose not to participate in these proceedings. Upon consideration whereof, the Court finds from the evidence that the continued existence and possible dissemination of information relating to the arrest of the petitioner in the following cases causes or may cause circumstances which constitute a manifest injustice to the petitioner: Circuit Court of the City of Roanoke, Cases No. CR08-792-00 (alleged offense date January 7, 2007), CR08-792-01 (alleged offense date February 16, 2007), and CR08-792 (alleged offense date March 30, 2007). On June 3, 2008, on motion of the Attorney for the Commonwealth, this Court entered an order of *nolle prosequi* in each of these three cases.

The Court will therefore order and adjudge that all of the police and court records, including electronic records, relating to those three charges be expunged.

The petitioner also seeks expungement in Roanoke City Circuit Court cases CR08-792-03 (d.o.o. May 12, 2007) and CR08-792-04 (d.o.o. August 22, 2007). The record in the underlying criminal proceeding is incorporated in this record. Based upon the evidence presented by the petitioner and the record of the underlying criminal proceeding, the Court finds the following facts.

The petitioner, who was represented by retained counsel, appeared before this Court in these two cases on June 3, 2008. In each case, he was charged with a felonious violation of Virginia Code § 18.2-258.1. In each case, he entered a plea of guilty to the offense charged in the indictment.

The Court, after questioning the petitioner, found that his pleas were entered knowingly, intelligently, freely, and voluntarily and accepted the pleas. Pursuant to a written plea agreement and Virginia Code § 18.2-258.1(H), the Court determined by the facts presented that a finding of guilt would be justified, deferred further proceedings upon certain terms and conditions, including successful completion of the Twenty-third Judicial Circuit Drug Court Program, and placed the petitioner on probation under the intensive supervision of a probation officer. The petitioner's driving privileges were suspended for six months in each case, for a total of twelve months, under Virginia Code § 18.2-259.1. In addition, he was required, under the plea agreement and Court order, to pay court costs and a drug court treatment fee, and to perform 100 hours of community service under the direction of his probation officer. On December 15, 2009, counsel for the petitioner and for the Commonwealth advised the Court that the petitioner had successfully completed the terms and conditions of probation in the Twenty-third Judicial Circuit Drug Court Program and jointly moved the Court to dismiss these charges. By order entered on December 15, 2009, the Court dismissed the cases and the indictment with prejudice.

Neither the petitioner's written plea agreement nor any order or other document in his criminal case contains any indication that he had been promised that the charges upon which he was placed on probation would be expunged from his record. On June 3, 2008, when the Court accepted the petitioner's guilty pleas and plea agreement, the petitioner told the Court, under oath, that he had not been promised anything other than those things contained in his plea agreement. The plea agreement recited that "[t]his document represents the entire agreement of the parties," and Mr. Brandon, under oath on June 3, 2008, stated that that statement was accurate.

At his expungement hearing, the petitioner testified that he had believed that, upon successful completion of drug court and probation, all of the charges against him would be expunged. He testified that his motivation for seeking expungement was a job rejection, the potential for subsequent

rejections due to his criminal record, and the adverse effect that the existence of this record likely would have on his ability to regain his pharmacy license. The Court is satisfied that when Mr. Brandon testified at the expungement hearing on June 21, 2012, he believed that, what he was saying was true; he was not knowingly testifying untruthfully. The Court also is satisfied that, when Mr. Brandon stated under oath in 2008 that his written agreement contained his entire agreement with the Commonwealth and that he had been made no other promises, he was being truthful. The Court stated to Mr. Brandon in open Court on June 21, 2012, the Supreme Court of Virginia has held that expungement of arrest and court records is not available in a case in which charges have been dismissed after a plea of guilty, deferred proceedings, and probation. The Court nonetheless took the expungement petition under advisement at the conclusion of the June 21 hearing, in order to investigate the record of the criminal case and to engage in further legal research.

Mr. Brandon is a pleasant, articulate, educated, and hard-working gentleman who is 62 years old, who worked diligently in the Drug Court program, whose criminal history, as contained in his CCRE report, shows no criminal charges other than those contained in Indictment No. CR08-792 in the Circuit Court of the City of Roanoke, and who, this Court determines by the greater weight of the evidence is no longer addicted to or dependent upon any drug or controlled substance and poses an insubstantial risk of re-offending. However, neither the record in the criminal case nor additional legal research demonstrate that the arrest and court records in Cases CR08-792-03 and CR08-792-04 can be expunged.

The Supreme Court of Virginia has explained that expungement of police and court records is available under Virginia Code § 19.2-392.1 to "innocent" citizens, and to citizens "who have been absolutely pardoned for crimes of which they have been unjustly convicted." *Commonwealth v. Dotson*, 276 Va. 278, 281-82, 661 S.E.2d 473, 475 (2008). The Supreme Court has held that a person cannot be considered "innocent," as contemplated by the expungement statute, when he enters a plea of guilty and the trial court finds that the evidence was sufficient to prove his guilt. *Id.*, 276 Va. at 283-84. Under Virginia Code § 18.2-258.1, the applicable statute in the petitioner's case, as under Virginia Code § 18.2-251, the statute discussed in *Dotson*, the Court may place a first offender "on probation upon terms and conditions" only "if the facts found by the court would justify a finding of guilt." Virginia Code § 18.2-258.1. As in the *Dotson* case, the petitioner's "charge was not dismissed until after he completed court-ordered obligations including the suspension of [his] operator's license, probation, and payment of court costs." *Dotson*, 276 Va. at 284. Mr. Brandon's motivation for seeking expungement is essentially the same as that offered by the petitioner in the *Dotson* case. *Id.* at 281. *See also Commonwealth v. Jackson*, 255 Va. 552, 499 S.E.2d 276 (1998),

and *Gregg v. Commonwealth*, 227 Va. 504, 316 S.E.2d 741 (1984), two other cases in which the Supreme Court held that a circuit court cannot expunge criminal records in cases in which proceedings were deferred and the defendant was placed on probation.

The Court therefore orders and adjudges as follows:

1. That all of the police and court records, including electronic records, relating to the charges in Cases CR08-792-00, CR08-792-01, and CR09-792-02 be expunged pursuant Virginia Code § 19.2-392.2(F), the Court having made the necessary findings from the evidence that the petitioner presented;

2. That the Clerk send a copy of this order, along with a copy of the petition for expungement, to the Department of State Police to be acted upon in accordance with the regulations and rules adopted pursuant to Virginia Code § 9.1-134 and any other applicable statutory provisions, regulations, and rules;

3. That the petition to expunge police and Court records in Cases CR08-792-03 and CR08-792-04 be denied for the foregoing reasons;

4. That the Clerk shall forthwith send a certified copy of this order to the petitioner, Robert Harrison Brandon, at his home address as set forth in the record of this proceeding; at the same time, the Clerk shall return the fingerprint card to the petitioner, as Virginia Code § 19.2-392.2(E) provides;

5. The Clerk shall also provide certified copies of this order to Donald S. Caldwell, Attorney for the Commonwealth, to Sheri Jones, the Assistant Commonwealth's Attorney who represented the Commonwealth in the underlying criminal case, and to Mark D. Kidd, who represented the petitioner in the underlying criminal case;

6. That this is a final order (Virginia Code § 19.2-392.2(G) provides that any party aggrieved by the decision of this Court "may appeal, as provided by law in civil cases." If the petitioner wishes to appeal this decision, he must do so by filing a notice of appeal with the Clerk of the Circuit Court of the City of Roanoke and at the same time mailing or delivering a copy of the notice to the Commonwealth's Attorney of the City of Roanoke. This 30 day period cannot be extended unless at least two Justices of the Supreme Court of Virginia concur in a finding that an extension for papers to be filed is warranted by a showing of good cause sufficient to excuse the delay. *See* Rules of the Supreme Court of Virginia, Rule 5:9(a) and Rule 5:5(a). In any appeal, Mr. Brandon, whether or not represented by counsel, will be required to comply with the applicable rules of the Supreme Court. The same rules apply to any appeal noted by the Attorney for the Commonwealth.);

7. That the Court dispenses with endorsement of this order pursuant to Rule 1:13.